# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-13-00387-CV

**Bridgeport Independent School District, Abilene Independent School District, Denton Independent School District, Grapevine-Colleyville Independent School District, Copperas Cove Independent School District, Stephenville Independent School District, Grand Saline Independent School District, Groesbeck Independent School District, Hallsville Independent School District, Rule Independent School District, Alice Independent School District, Alvarado Independent School District, Alvord Independent School District, Ballinger Independent School District, Beckville Independent School District, Blackwell Consolidated Independent School District, Brownsboro Independent School District, Bruceville-Eddy Independent School District, Bullard Independent School District, Calallen Independent School District, Carlisle Independent School District, Carthage Independent School District, Castleberry Independent School District, Chapel Hill Independent School District (Tyler), Chico Independent School District, Chireno Independent School District, Coleman Independent School District, Colorado Independent School District, Cross Plains Independent School District, Decatur Independent School District, Diboll Independent School District, Eagle Mountain-Saginaw Independent School District, Eula Independent School District, Everman Independent School District, Fabens Independent School District, Floresville Independent School District, Floydada Independent School District, Frankston Independent School District, Gainesville Independent School District, Garner Independent School District, Gary Independent School District, Godley Independent School District, Harleton Independent School District, Hawkins Independent School District, Hawley Independent School District, Henderson Independent School District, Hudson Independent School District, Hughes Springs Independent School District, Huntington Independent School District, Jarrell Independent School District, Jourdanton Independent School District, Keene Independent School District, Kerens Independent School District, La Vernia Independent School District, Lake Worth Independent School District, Laneville Independent School District, Leonard Independent School District, Linden-Kildare Consolidated Independent School District, Lingleville Independent School District, Lipan Independent School District, Little Cypress-Mauriceville Consolidated Independent School District, Lorena Independent School District, Monahans-Wickett-Pyote Independent School District, Nordheim Independent School District, Palestine Independent School District, Pecos-Barstow-Toyah Independent School District, Perryton Independent School District, Petersburg Independent School District, Pewitt Consolidated Independent School District, Ponder Independent School**

**District, Port Neches-Groves Independent School District, Quitman Independent School District, San Saba Independent School District, Seagraves Independent School District, Shallowater Independent School District, Silsbee Independent School District, Sinton Independent School District, Slidell Independent School District, Snook Independent School District, Spring Hill Independent School District, Springtown Independent School District, Sweetwater Independent School District, Tatum Independent School District, Taylor Independent School District, Three Rivers Independent School District, Tornillo Independent School District, Trinity Independent School District, Valley View Independent School District (Valley View), Van Independent School District, Vernon Independent School District, Waskom Independent School District, White Settlement Independent School District, Winona Independent School District, Woodson Independent School District, Center Independent School District, Corrigan-Camden Independent School District, Crane Independent School District, Elgin Independent School District, Florence Independent School District, Gregory-Portland Independent School District, Groveton Independent School District, Iraan-Sheffield Independent School District, Mumford Independent School District, Needville Independent School District, Presidio Independent School District, Rio Hondo Independent School District, Smyer Independent School District, Southside Independent School District, Wells Independent School District, Longview Independent School District, Appellants**

**v.**

**Michael Williams, in his Official Capacity as the Commissioner of Education, and the Texas Education Agency, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NOS. D-1-GN-12-003824, D-1-GV-13-000270,
HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

---

**O P I N I O N**

We withdraw our opinion issued on May 23, 2014, and substitute this one in its place.

We overrule the appellant school districts' motion for rehearing.

The appellant school districts appeal from the trial court's order of dismissal granting the plea to the jurisdiction of appellees Michael Williams and the Texas Education Agency (TEA). Because we conclude that appellants' claims are not ripe, we affirm the trial court's order.

**BACKGROUND**

TEA receives federal grants under the federal No Child Left Behind Act (NCLB), and then distributes the grants to local school districts. *See* Tex. Educ. Code § 7.031; *see generally* 20 U.S.C. §§ 6301–7941. The NCLB requires states to set accountability standards for schools and to monitor compliance by schools and requires the schools to demonstrate "adequate yearly progress." *See* 20 U.S.C. § 6311. To comply with this requirement, TEA adopted section 97.1004, which sets accountability standards and performance monitoring for determining Texas schools' "Adequate Yearly Progress" "in accordance with the [NCLB]." *See* 19 Tex. Admin. Code § 97.1004 (Texas Education Agency, Adequate Yearly Progress (AYP)). The section currently states that the "determination of AYP for school districts and charter schools in 2012 is based on specific criteria and calculations, which are described in excerpted sections of the 2012 AYP Guide provided in this subsection."[1] *Id*. § 97.1004(b). The AYP Guide provides an appeals process for a school district to challenge an AYP designation determination. *See id.*

---

[1] Section 97.1004 was first adopted in 2005 and has been amended annually through 2012 to set AYP standards for each year. *See* 30 Tex. Reg. 3995 (adopted to be effective July 14, 2005); 30 Tex. Reg. 7036 (amended to be effective Nov. 3, 2005); 31 Tex. Reg. 7988 (amended to be effective Sept. 20, 2006); 32 Tex. Reg. 4753 (amended to be effective Aug. 8, 2007); 33 Tex. Reg. 8167 (amended to be effective Sept. 30, 2008); 34 Tex. Reg. 5912 (amended to be effective Sept. 1, 2009); 35 Tex. Reg. 9500 (amended to be effective Oct. 31, 2010); 36 Tex. Reg. 4799 (amended to be effective Aug. 2, 2011); 37 Tex. Reg. 6592 (amended to be effective Sept. 2, 2012).

In September 2012, most of the school districts administratively appealed their 2012 AYP designation determination, pursuant to the procedure provided in the AYP Guide and sought relief based on their contention that the AYP Guide was an "improperly adopted rule."[2] In December 2012, Williams, in his capacity as the Commissioner of Education (the Commissioner), denied these appeals, explaining that his decisions were final.

Around the time that the Commissioner denied these appeals, the school districts sued TEA and Michael Williams in his official capacity as the Commissioner for injunctive and declaratory relief under section 2001.038 of the Administrative Procedure Act (APA), *see* Tex. Gov't Code § 2001.038, and section 37.003 of the Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code § 37.003. They challenged the validity of the AYP Guide, arguing that TEA did not have statutory authority to adopt it. Appellants also asserted claims of ultra vires actions and violations of Article I, section 3 of the Texas Constitution. *See* Tex. Const. art. I, § 3 (equal protection clause); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–77 (Tex. 2009) (describing ultra vires claims).

Several weeks later, the school districts filed an amended petition to add claims by the school districts seeking judicial review of the denial of their appeals of their preliminary 2012 AYP designation determinations under section 7.057 of the Education Code and section 2001.171 of the APA. *See* Tex. Educ. Code § 7.057(d); Tex. Gov't Code § 2001.171. The school districts

---

[2] The school districts also filed a petition for review of the AYP Guide with TEA in November 2012, seeking declaratory relief that was not specific to any particular school district. They sought an order rescinding all actions and directives issued under the guide. According to the school districts, this petition is not part of this case.

also filed a motion for rehearing with TEA at that time. In March 2013, the school districts filed a separate suit, bringing the same claims as their initial suit. The two suits were consolidated in April 2013.

Appellees filed a plea to the jurisdiction. They challenged the trial court's jurisdiction to consider any of appellants' claims. They argued that appellants had failed to allege facts to establish that they had "any legal right or privilege that has been interfered with or impaired" as required by section 2001.038 of the APA and that appellants' pleadings did not meet the requirements of the UDJA because the UDJA was not an independent grant of jurisdiction. They also challenged appellants' standing, raised sovereign immunity, and urged that, to the extent appellants' claims were moot or not ripe, appellants were seeking an advisory opinion.

Appellants filed a response as well as a motion for summary judgment with evidence. The parties also filed additional briefing with the trial court. Following a hearing on appellants' motion for summary judgment and appellees' plea to the jurisdiction, the trial court granted the plea without stating the grounds for its ruling and dismissed appellants' claims. This appeal followed.

## ANALYSIS

Appellants raise 12 issues on appeal. They state their issues as follows:

1.  Are Appellees creatures of state law, or do they have additional powers granted to them by the United States Congress to adopt and enforce state rules to implement federal law?

5

2. Did the Texas Legislature strip Appellees of authority to adopt rules regulating federal grant applications in a 1995 re-write of the Education Code?

3. Are the rules, orders and acts of Appellees *ultra vires*?

4. Are the rules of Appellees among "the school laws of this state" within the meaning of Education Code Section 7.057(a)?

5. Do the rules, orders and acts of Appellees aggrieve the Appellants?

6. Do federal laws, rules or grant terms establish the rules needed to apply AYP ratings to Appellants?

7. Are Appellants' injuries redressable by order of the trial court?

8. Does sovereign immunity bar Appellants' claims?

9. Have Appellees improperly applied rating standards that were never proposed or adopted as rules?

10. Have Appellees violated state law by applying their 2012 AYP Guide to student performance after only one test administration?

11. Do the well-pleaded facts and summary-judgment evidence establish a lack of subject-matter jurisdiction over Appellants' claims?

12. Did the trial court err in dismissing this case?

Appellants primarily attack the 2012 AYP Guide, its "bridge study" methodology,[3] and the use of single test administration to determine AYP designations.

In their briefing, appellees argue that appellants' issues are moot because the United States Department of Education (USDE) granted TEA a waiver in September 2013 from the

---

[3] The "bridge study" methodology converts test result data between the State of Texas Assessments of Academic Readiness and the Texas Assessment of Knowledge and Skills.

6

requirement that it issue AYP designation determinations. *See* 20 U.S.C. § 7861 (authorizing waivers of statutory and regulatory requirements of NCLB); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (noting that case becomes moot if controversy ceases to exist on appeal); *William v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (noting that "a controversy must exist between the parties at every stage of the legal proceeding, including the appeal" for plaintiff to have standing and that, if controversy ceases to exist, case becomes moot); *Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied) ("A case becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy.").

Appellees include in their appendix to their brief, among other documents, a letter from TEA to the school district administrators dated November 1, 2013.[4] TEA notified the administrators that, in September 2013, the USDE "granted the State of Texas a conditional waiver for specific provisions of the Elementary and Secondary Education Act of 1965 (ESEA), as reauthorized by the [NCLB]." TEA further stated:

> A key change resulting from the NCLB waiver is the elimination of the AYP designation . . . . With the granting of the NCLB waiver, AYP has been superseded

---

[4] Although the letter is not in the appellate record, we take judicial notice of undisputed facts contained in the letter because they impact our jurisdictional inquiry. *See* Tex. R. Evid. 201; *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (citing Texas Rule of Evidence 201 and noting that appellate courts may take judicial notice of relevant facts outside record to determine jurisdiction).

to allow for a more flexible, state-specific approach to identifying schools in need of intervention.

TEA also noted that the waiver was conditional until "USDE reviews and approves Texas's proposed guidelines for teacher and principal evaluation and support systems, which will be submitted in Spring 2014."

Appellants argue that their claims are not moot because USDE's waiver is "an extremely complicated, short-lived, and conditional agreement" that "expires in May, of its own terms."[5] While the parties join issue with whether the conditional waiver moots appellants' claims, we view the controlling issue "more precisely as one of ripeness."[6] *See Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998). The ripeness doctrine "emphasizes the need for a concrete injury for a justiciable claim to be presented" and "examines when [an] action may be

---

[5] Appellants do not dispute the USDE's waiver or the elimination of AYP standards and designations. In their response to the motion for rehearing, appellees include in an appendix a letter from the USDE to the Commissioner dated September 19, 2014. We also take judicial notice of undisputed facts contained in the letter. *See* Tex. R. Evid. 201; *Freedom Commc'ns, Inc.*, 372 S.W.3d at 623–24. In the letter, the USDE "extend[ed] Texas' ESEA flexibílity request for one year, through the end of the 2014-2015 school year." According to the letter, the conditional agreement did not expire in May and remains in effect.

[6] In their motion for rehearing, appellants contend that the controlling issue is mootness and that the panel misapplies the analysis of ripeness in *Patterson v. Planned Parenthood*, 971 S.W.2d 439 (Tex. 1998). They urge that the "2013 waiver simply cannot render 2012 claims unripe," and that the "contingencies" discussed in our original opinion "establish not a lack of ripeness, but a failure to establish mootness." This argument ignores the effect of the USDE's waiver and its elimination of AYP standards and designations. The waiver and elimination of AYP standards and determinations rendered any judgment on the viability of appellants' claims challenging the AYP Guide and the 2012 AYP designations without "any practical legal effect on a then-existing controversy." *See Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied). Hence, the controlling issue is one of ripeness.

8

brought." *Id.* at 442. It "focuses on whether the case involves 'uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id*. (citation omitted). "By maintaining this focus, the ripeness doctrine serves to avoid premature adjudication." *Id*. Whether claims are ripe is "determined at the time of adjudication." *Perry v. Del Rio*, 66 S.W.3d 239, 250 (Tex. 2001); *see id.* ("Ripeness should be decided on the basis of all the information available to the court. Intervening events that occur after decision in lower courts should be included, just as must be done with questions of mootness." (citation omitted)); *see also Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011) ("Although a claim is not required to be ripe at the time of filing, if a party cannot demonstrate a reasonable likelihood that the claim will soon ripen, the case must be dismissed." (citing *Perry*, 66 S.W.3d at 251)). "In the administrative-law context, moreover, avoiding premature litigation over administrative determinations prevents courts from 'entangling themselves in abstract disagreements over administrative policies' while simultaneously allowing the agency to perform its functions unimpeded." *Trinity Settlement Servs., LLC v. Texas State Sec. Bd.*, 417 S.W.3d 494, 506 (Tex. App.—Austin 2013, pet. denied) (quoting *Patterson*, 971 S.W.2d at 443).

We find the Texas Supreme Court's analysis in *Patterson* instructive. In the context of federally funded programs, a family planning service provider challenged the constitutionality of a rider to the state's "family planning appropriation" that declared "'no state funds may be used to dispense prescription drugs to minors without parental consent.'" 971 S.W.2d at 440 (quoting General Appropriations Act, 75th Leg., R.S., ch. 1452, 1997 Tex. Gen. Laws 5535, 5675). The plaintiff's alleged injury was the loss of eligibility for federal funds. *See id.* at 441. In concluding

9

that the plaintiff's injury remained contingent and that its challenge to the rider was not ripe, the court recognized that the constitution is the foundation for the ripeness and other justiciability doctrines. *Id*. at 442–43. The supreme court also explained the "pragmatic, prudential aspect" of the ripeness doctrine in addition to the constitutional justiciability issues presented:

> Moreover, avoiding premature litigation prevents courts from "entangling themselves in abstract disagreements over administrative policies" while at the same time serving to "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."

*Id*. at 443 (citations omitted). The court noted that the contingencies as to the plaintiff's claims included "what the federal government will do if the state carries out its plan" and "what exactly the state will do." *Id*. at 444.

Similar to the noted contingencies in *Patterson*, whether the USDE's waiver becomes unconditional and what the state's plan will be going forward if the waiver expires remain uncertain. *See id.*; *see also Brantley v. Texas Youth Comm'n*, 365 S.W.3d 89, 102–03 (Tex. App.—Austin 2011, no pet.) (concluding that claim challenging enactment was not ripe because plaintiff "neither alleged nor presented evidence that [enactment] has had or is threatening to have any tangible impact on her" and that plaintiff's "asserted interest in declaratory and injunctive relief rests upon the sorts of 'uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all' that characterize unripe claims" (quoting *Patterson*, 971 S.W.2d at 442)).

10

Informed by the supreme court's analysis in *Patterson*, we conclude that appellants' alleged injury remains contingent and that appellants' claims are not ripe for review. *See* 971 S.W.2d at 444. Thus, we would be issuing an advisory opinion were we to address appellants' issues. *See Robinson*, 353 S.W.3d at 756 (concluding that petitioners "failed to present a sufficiently ripe, justiciable claim" because "no showing that Petitioners have suffered a concrete injury" and expressing "no opinion on whether, even if case was ripe, [Petitioners] would have standing" because "'[t]he essence of the ripeness doctrine is to avoid premature adjudication . . . [and] to hold otherwise would be the essence of an advisory opinion, advising what the law would be on a hypothetical set of facts'" (quoting *Patterson*, 971 S.W.2d at 444)); *Patterson*, 971 S.W.2d at 443 (noting that "courts of this state are not empowered to give advisory opinions" and that "[t]his prohibition extends to cases that are not yet ripe"); *see also* Tex. Const. art. II, § 1 (separation of powers).

## CONCLUSION

For these reasons, we affirm the trial court's order granting appellees' plea to the jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed on Rehearing

Filed: November 12, 2014