ACCEPTED
15-24-00074-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/24/2025 11:23 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00074-CV

# In the Court of Appeals for the Fifteenth Judicial District Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/24/2025 11:23:16 AM
CHRISTOPHER A. PRINE
Clerk

Jane Nelson, in her official capacity as Secretary of State for the State of Texas,

*Appellants,*

*v.*

Jarrett Woodward, Heather Couchman, Amber Cloy, Tommie Dickinson, Travis Eubanks, Amanda Eubanks, Traci Jones, Lars Kuslich, Michelle Pique, Madelon Highsmith, and Sharon Cotton, Voters of Bexar County,

*Appellees,*

———————

On Appeal from the
261st Judicial District Court, Travis County

———————

## APPELLEE KUSLICH'S MOTION FOR JUDICIAL NOTICE AND RESPONSE TO OBJECTION AND MOTION TO STRIKE

Appellant Jane Nelson filed a Supplemental Brief on February 20, 2025 in response to Appellee Kuslich's Second Amended Brief. As part of the Supplemental Brief, Appellant Nelson objected to the inclusion of the three petitions of the *Dacus v. Parker* case in the appendix of the Second Amended Brief, and she moved to strike them from the brief. *See* Appellant Jane Nelson's

Supplemental Brief ¶ 3.  This is a response to that objection and motion to strike as well as a motion for this Court to take judicial notice of the three petitions from the *Dacus v. Parker* case.

For Appellant Nelson's objection and motion, she relies on the fact that the petitions were not included as part of the record received from the trial court, and she reasons they should therefore not be considered by this Court.  She supports this conclusion by citing *Scott v. Weems*, 575 S.W.3d 357 (Tex. 2019), wherein the Texas Supreme Court held that the record supplementation rules, such as Tex. R. App. P. 34.5(c), cannot be used to create new evidence.  *See Id*. at 366-67;  *See Id*. at n. 41. Notably, Appellant Nelson does not object to anything in the petitions themselves or to their relevance to the instant case, merely to their inclusion in the Second Amended Brief.

However, Appellant Nelson misstates case law by saying that only documents introduced at the trial court level can be considered as part of the appellate record.  *See* Appellant Jane Nelson's Supplemental Brief ¶ 3.  The Texas Supreme Court has held that it is appropriate for appellate courts to take judicial notice of facts outside the record in certain instances, as follows:

> An appellate court may take judicial notice of a relevant fact that is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tex.R. Evid. 201(b); *see Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex.1994) (per curiam). Judicial notice of such a fact is mandatory if a party requests it and supplies "the necessary information." Tex.R. Evid. 201(d). Under this standard, a court will take judicial notice of another court's records if a party provides proof of the records. *See, e.g., MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 497 n. 21 (Tex.2010); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 459 (Tex.App.-Houston [14th Dist.] 2005, pet. denied).

*Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012). Furthermore, "[a]s a general rule, appellate courts take judicial notice of facts outside the record only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions which are mandated by law[.]" *SEI Business Systems, Inc. v. Bank One Texas, N.A.*, 803 S.W.2d 838, 841 (Tex. App. 1991). These holdings have been used by various appellate courts to add documents outside of the record to help solve jurisdictional disputes. *See*, e.g., *Bridgeport Indep. Sch. Dist. v. Williams*, 447 S.W.3d 911, 916 n. 4 (Tex. App. 2014) ("Although

the letter is not in the appellate record, we take judicial notice of undisputed facts contained in the letter because they impact our jurisdictional inquiry."); *Lantana Ridge Prop. Owners Ass'n v. SJWTX, Inc.*, NO. 03-19-00303-CV at *6-7 (Tex. App. Apr. 16, 2020) ("...[T]he fact for which Lantana Ridge requests judicial notice goes to the jurisdictional inquiry; it is not an adjudicative fact going to the merits. We take 'judicial notice of undisputed facts' when 'they impact our jurisdictional inquiry.'") (citation omitted). Therefore, while it is usually true that parties in an appeal cannot supplement the record to add new facts, it is well within this Court's ability to take judicial notice of facts outside the record to aid in their determination of whether Appellees have standing.

Accordingly, I request that this Court take judicial notice of the three petitions that were attached to Appellee Kuslich's Second Amended Brief. Those petitions are from the case *Dacus v. Parker* that had cause number 2010-81591 and was tried before the 234th Judicial District Court. As the last page of each petition indicates, each one is a certified copy that was purchased from the District Clerk of Harris County. *See* Appellee Kuslich's Second Amended Brief ¶¶ 67, 74, 82. As also indicated on their

last pages, the petitions were authenticated and transmitted in accordance with Texas Government Code sections 51.301 and 406.013. *See* Appellee Kuslich's Second Amended Brief ¶¶ 67, 74, 82. I make this request because those petitions provide important context for the conclusions of the Texas Supreme Court and the Fourteenth Court of Appeals, and they show that other litigants in other election contests did not allege particularized injuries yet they had standing.

## **P r a y e r**

For the foregoing reasons, I pray that this Court overrule Appellant Nelson's objection, deny her motion to strike, and grant my motion for judicial notice.

Respectfully submitted,

/s/ *Lars Kuslich*
Lars Kuslich
P.O. Box 1908
Liberty, TX 77575
936-346-5464
blanket113@protonmail.com

## Certificate of Conference

I have conferred with all parties who may be affected by the relief sought in the motion for judicial notice in a good faith effort to resolve the issue raised. The Appellants are opposed to the filing of the motion for judicial notice.

/s/ *Lars Kuslich*
Lars Kuslich
P.O. Box 1908
Liberty, TX 77575
936-346-5464
blanket113@protonmail.com

# C e r t i f i c a t e   o f   S e r v i c e

I, Lars Kuslich, certify that a true and correct copy of
APPELLEE KUSLICH'S MOTION FOR JUDICIAL NOTICE AND
RESPONSE TO OBJECTION AND MOTION TO STRIKE was filed and
served via e-service efile (eFileTexas.gov) on February 24, 2025
to all other Appellees and to:

**Stephanie A. Criscione**
Texas Bar No. 24109768
**William D. Wassdorf**
Texas Bar No. 24103022
Assistant Attorneys General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel: (512) 463-2120
Fax: (512) 320-0667
stephanie.criscione@oag.texas.gov
will.wassdorf@oag.texas.gov

By: /s/ *Lars Kuslich*
Lars Kuslich
P.O. Box 1908
Liberty, TX 77575
936-346-5464
blanket113@protonmail.com

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 97707634
Filing Code Description: Response
Filing Description: APPELLEE KUSLICH???S MOTION FOR JUDICIAL NOTICE AND RESPONSE TO OBJECTION AND MOTION TO STRIKE
Status as of 2/24/2025 11:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carrisa Stiles | | carrisa.stiles@oag.texas.gov | 2/24/2025 11:23:16 AM | SENT |
| Shannon Huggins | | freetx1876@gmail.com | 2/24/2025 11:23:16 AM | SENT |
| William Wassdorf | | will.wassdorf@oag.texas.gov | 2/24/2025 11:23:16 AM | SENT |
| Michelle Pique | | piquepink@gmail.com | 2/24/2025 11:23:16 AM | SENT |
| Elena Eydelman-Natividad | | elena.eydelman-natividad@oag.texas.gov | 2/24/2025 11:23:16 AM | SENT |
| Stephanie Criscione | | stephanie.criscione@oag.texas.gov | 2/24/2025 11:23:16 AM | SENT |
| Sharon Jorolan | | sjorolan@outlook.com | 2/24/2025 11:23:16 AM | SENT |
| Laura Hendrix | | laura.hendrix@oag.texas.gov | 2/24/2025 11:23:16 AM | SENT |
| Jarrett Woodward | | digging4au@protonmail.com | 2/24/2025 11:23:16 AM | SENT |
| Heather Couchman | | HeatherNTX@protonmail.com | 2/24/2025 11:23:16 AM | SENT |
| Tommie Dickinson | | Tjdickinson316@gmail.com | 2/24/2025 11:23:16 AM | SENT |
| Travis Eubanks | | travis.eubanks@gmail.com | 2/24/2025 11:23:16 AM | SENT |
| Madelon Highsmith | | mhighsmith@mac.com | 2/24/2025 11:23:16 AM | SENT |
| Lars Kuslich | | blanket113@protonmail.com | 2/24/2025 11:23:16 AM | SENT |
| Amber Cloy | | Amberb2222@yahoo.com | 2/24/2025 11:23:16 AM | SENT |
| Traci Jones | | jones_traci24@hotmail.com | 2/24/2025 11:23:16 AM | SENT |
| Sharon Cotton | | sharon.cotton53@icloud.com | 2/24/2025 11:23:16 AM | SENT |
| Amanda Eubanks | | amanda.eubanks710@gmail.com | 2/24/2025 11:23:16 AM | SENT |