COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

IN RE:  MARYANNE MITCHELL AND     §
PAMELA NORRIS,                        No. 08-10-00355-CV

§

        Relators.              AN ORIGINAL PROCEEDING

§

                            IN MANDAMUS

§

§

§

## O P I N I O N

This original proceeding arises from a contested guardianship proceeding.  The probate court ordered the parties to deposit funds into the court registry to cover the fees of the attorney ad litem and guardian ad litem.  Relators seek a writ of mandamus directing the court to vacate this order. We will conditionally grant the writ.

## BACKGROUND

It is undisputed that Kathryn Jo Norris, who has Downs syndrome, is an "incapacitated person" within the meaning of section 601(14)(B) of the Texas Probate Code.  Until Kathryn's mother died in 2008, she served as the guardian of Kathryn's person and estate.  Kathryn's sisters now dispute which of them should be named as successor guardians.  One sister, Pamela J. Norris, seeks to be named guardian of Kathryn's estate. Another sister, Maryanne Mitchell, seeks to be named guardian of Kathryn's person. A third sister, Patricia K. Norris, seeks to be named guardian of both Kathryn's person and her estate.

The probate court appointed a guardian ad litem and an attorney ad litem to represent

Kathryn's interests during the contested guardianship proceedings. As the result of an agreement among the guardian ad litem, the attorney ad litem, and the attorneys for Patricia and Maryanne, the probate court signed an order regarding attorney's fees, which stated that each party would be responsible for her own attorney's fees and that those fees would not be paid from Kathryn's estate. The order further stated that if the court ultimately agreed with the report of the guardian ad litem as to which party should serve as Kathryn's guardian and yet the other parties continued to contest the matter, "the court, at its discretion will entertain a motion from any party hereto for a cash amount to be deposited into the Registry of the Court from which the Court may allocate all payments for attorneys fees and costs associated with such contest." Thereafter, the guardian ad litem recommended that Patricia be appointed as successor guardian of Kathryn's person and estate. When Pamela and Maryanne continued to contest the matter, Patricia and the attorney ad litem moved for an order requiring them to deposit money into the court registry to cover the fees of the guardian ad litem and attorney ad litem.

In October 2010, the probate court granted the attorney ad litem's motion. The court ordered each of the three sisters to deposit $17,500 into the court registry to cover the fees of the guardian ad litem and attorney ad litem. On December 2, 2010, the court signed another order requiring all of the sisters to deposit $17,500 into the court registry, but this order differed from the first one in that it required the funds to be deposited by December 15, 2010. The order also added a final paragraph stating:

> Inasmuch as this Order will, from a financial standpoint, injuriously affect the ability of some or all of the parties to continue with the guardianship proceeding, and is therefore dispositive in nature, this Order, in the interest of justice, is designated as an order subject to appeal by any party by mandamus or otherwise, should any party desire to do so.

On the day that the deposits were due, the probate court filed a third order requiring the deposits for

costs. This order concluded by stating, "This is a Nunc Pro Tunc order, inasmuch as the last paragraph of the order of December 2, 2010 should have been omitted." In all other substantive aspects, the third order was the same as the second order.

Maryanne and Pamela filed a mandamus petition in this Court and an emergency motion for temporary relief. We granted the motion for temporary relief, staying enforcement of the requirement that the Relators deposit funds into the court registry. We also set a deadline for the real parties in interest to file responses to the mandamus petition. That deadline has passed, and none of the real parties has filed a response.

## DISCUSSION

A writ of mandamus will issue only if the trial court abused its discretion and if the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). We will first determine whether the trial court abused its discretion.

In its first order granting the attorney ad litem's motion, the probate court stated that "the parties, without the involvement of the Court, entered into an agreement that the party(ies) that were not chosen by the guardian ad litem would pay not only cost and fees but also for attorney's fees [sic]. The parties, after entering into the above-mentioned agreement, presented to the Court an order." After the order granting the attorney ad litem's motion was entered, Patricia filed a motion to enforce the previous order regarding fees, which she characterized as a Rule 11 agreement. The court denied this motion, concluding that the order regarding fees was not a Rule 11 agreement because it simply gave the court discretion to allocate attorney's fees and costs. Nevertheless, the probate court subsequently entered its second and third orders granting the attorney ad litem's motion and included the same language regarding the parties' agreement in those orders.

For several reasons, the parties' agreement does not support the order requiring the sisters

to deposit funds. First, Pamela did not sign the order and there is no indication that she participated in the agreement. No one has suggested any basis for binding Pamela to an agreement to which she was not a party. *See* TEX. R. CIV. P. 11 (stating that no agreement between parties or attorneys will be enforced unless it is written and signed or made in open court). Second, the parties to the agreement merely agreed to pay "their own attorney's fees," and not those of the guardian ad litem and attorney ad litem, who represent the ward. *See* TEX. PROB. CODE ANN. §§ 645(a), 646(a) (West Supp. 2010). Third, the orders requiring the deposit of funds mischaracterized the previous order regarding fees as reflecting "an agreement that the party(ies) that were not chosen by the guardian ad litem would pay" costs. Actually, as the probate court also recognized, the agreement only gave it discretion to consider a motion for deposit of funds; it did not instruct the court regarding how to rule on such a motion, nor did it waive any party's right to contest such a motion. Furthermore, this discretion was not triggered by the guardian ad litem's report, but by a determination by the probate court that the report was correct. There is nothing in the record to indicate that the probate court ever made this determination.[1]

In addition to relying on the parties' agreement, the probate court cited section 622 of the Texas Probate Code as authority for requiring the parties to deposit funds to secure payment of the guardian ad litem and attorney ad litem. That statute, which is found in the chapter of the Probate Code that governs guardianship proceedings, addresses security for costs of the proceeding. It reads:

> (a) The laws regulating costs in ordinary civil cases apply to a guardianship matter unless otherwise expressly provided by this chapter.

> (b) When a person other than the guardian, attorney ad litem, or guardian ad litem files an application, complaint, or opposition in relation to a guardianship matter, the clerk may require the person to give security for the probable costs of the

---

[1] After the probate court entered the order regarding fees, one of the parties filed a jury demand. The probate court apparently concluded that the jury demand obviated the need for it to review the guardian ad litem's report.

guardianship proceeding before filing. A person interested in the guardianship or in the welfare of the ward, or an officer of the court, at any time before the trial of an application, complaint, or opposition in relation to a guardianship matter, may obtain from the court, on written motion, an order requiring the person who filed the application, complaint, or opposition to give security for the probable costs of the proceeding. The rules governing civil suits in the county court relating to this subject control in these cases.

(c) No security for costs shall be required of a guardian, attorney ad litem, or guardian ad litem appointed under this chapter by a court of this state in any suit brought by the guardian, attorney ad litem, or guardian ad litem in their respective fiduciary capacities.

Tex. Prob. Code Ann. § 622 (West 2003).

Other sections of the chapter governing guardianship proceedings address the ultimate responsibility for paying costs — including fees of the attorney ad litem and guardian ad litem.

Section 665A pertains to the fees of attorneys ad litem. It provides:

The court shall order the payment of a fee set by the court as compensation to the attorneys, mental health professionals, and interpreters appointed under this chapter, as applicable, to be taxed as costs in the case. If after examining the proposed ward's assets the court determines the proposed ward is unable to pay for services provided by an attorney, a mental health professional, or an interpreter appointed under this chapter, as applicable, the county is responsible for the cost of those services.

Id. § 665A (West Supp. 2010). Section 669 pertains to costs in general and the guardian ad litem's fee in particular. It states:

(a) Except as provided by Subsection (b), in a guardianship matter, the cost of the proceeding, including the cost of the guardian ad litem or court visitor, shall be paid out of the guardianship estate, or, if the estate is insufficient to pay for the cost of the proceeding, the cost of the proceeding shall be paid out of the county treasury, and the judgment of the court shall be issued accordingly.

(b) If a court denies an application for the appointment of a guardian under this chapter based on the recommendation of a court investigator, the applicant shall pay the cost of the proceeding.

Id. § 669(a) (West 2003).

Section 665A makes clear that either the ward's estate or the county, not the contesting parties, will bear the ultimate responsibility of paying the attorney ad litem. *See Overman v. Baker*, 26 S.W.3d 506, 512-13 (Tex. App. – Tyler 2000, no pet.) (holding that a probate court erred in requiring a party to pay the attorney ad litem's fee); *accord In re Guardianship of Marburger*, 329 S.W.3d 923, 931-32 (Tex. App. – Corpus Christi 2010, no pet. h.); *In re Guardianship of Humphrey*, No. 12-06-00222-CV, 2008 WL 2445503, at *3-4 (Tex. App. – Tyler June 18, 2008, pet. denied) (mem. op.); *In re Guardianship of Soberanes*, 100 S.W.3d 405, 408 (Tex. App. – San Antonio 2002, no pet.). Similarly, section 669 generally requires the estate or the county to pay the guardian ad litem and all of the other costs. The only exception is that an applicant for a guardianship must pay the cost of the proceeding if the application for appointment of a guardian is denied on the basis of a court investigator's recommendation.

Each statutory probate court has a court investigator. *See* TEX. GOV'T CODE ANN. § 25.0025(a) (West 2004). When a party files an application for guardianship of a person who has not been previously adjudged as incapacitated, the court investigator must "investigate the circumstances alleged in the application to determine whether a less restrictive alternative than guardianship is appropriate." TEX. PROB. CODE ANN. § 648A(a) (West 2003); *see also id.* § 682 (West Supp. 2010) (setting out required contents of application for guardianship).

We are concerned here with a proceeding to determine who should be Kathryn's successor guardian, not a proceeding to determine whether a guardian is necessary at all. It is undisputed that Kathryn is an incapacitated person who needs a guardian. Consistent with the nature of this proceeding, there is nothing in the record before us to indicate that a court investigator has been involved in the case. Accordingly, either Kathryn's estate or El Paso County will ultimately be required to pay the fees of the guardian ad litem and attorney ad litem. *See id.* §§ 665A, 669. The

purpose of requiring a party to provide security for costs is to establish a fund from which costs can be paid if the party loses. *Cf.* TEX. R. CIV. P. 131 (providing that the successful party generally recovers costs from the losing party); TEX. R. CIV. P. 143 (providing that a party seeking affirmative relief may be required to give security for costs). Because there is no authority for requiring any of Kathryn's sisters to pay the fees of the guardian ad litem or the attorney ad litem, it makes no sense to require them to deposit funds to cover these fees.

It has been noted that there is an "apparent conflict" between section 622, which seems to allow the probate court to require any contesting party to post security for costs, and section 665A, which defines the attorney ad litem's fee as a cost but requires it to be paid by the ward's estate or the county. *See In re Guardianship of Humphrey*, No. 12-07-00118-CV, 2009 WL 388955, at *5 n.1 (Tex. App. – Tyler Feb. 18, 2009, pet. denied) (mem. op.). It could be said that a similar conflict exists between section 622 and section 669, because section 669(a) generally requires the ward's estate or the county to pay all of the costs, including the guardian ad litem's fee.

When two statutes pertain to the same subject, we attempt to harmonize them rather than embrace an interpretation of one that would render the other meaningless. *See Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 622 (Tex. 2007); *In re E.D.C.*, 88 S.W.3d 789, 791 (Tex. App. – El Paso 2002, no pet.). The statutes at issue can be harmonized under the circumstances of this case. Section 669 provides that costs must be paid by the ward's estate or the county, unless the "court denies an application for the appointment of a guardian . . . based on the recommendation of a court investigator . . . ." Since there is no court investigator in this proceeding to appoint a successor guardian for an undoubtedly incapacitated person, costs must be paid by Kathryn's estate or El Paso County. Thus, pursuant to section 669, it is clear that the sisters cannot ultimately be required to pay the fees of the guardian ad litem and the attorney ad litem. This comports with section 665A, which

requires the ward's estate or the county to pay the attorney ad litem's fee. Because there is no possibility that the sisters will bear the ultimate responsibility of paying the guardian ad litem and attorney ad litem, section 622 simply has no application here. But this result does not necessarily mean that section 622 is meaningless. In other cases, such as a proceeding to appoint a guardian for the first time, it will not be clear from the outset that the applicant will not be responsible for costs. It might then be appropriate to require the applicant to post security.

Because the parties did not agree to pay the fees of the guardian ad litem and attorney ad litem, and sections 665A and 669 require Kathryn's estate or El Paso County to pay these fees, the probate court abused its discretion by ordering the sisters to deposit funds into the court registry to cover the fees. *See In re Prudential*, 148 S.W.3d at 135 (stating that a trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled). We must next determine whether appeal is an adequate remedy.

If a party has the right to an immediate appeal, the appellate remedy is adequate. *See In re H.D. Vest, Inc.*, 334 S.W.3d 333, 333 (Tex. App. – El Paso 2010, orig. proceeding). A party has the right to appeal any "final order" in a guardianship proceeding. TEX. PROB. CODE ANN. § 4A(c) (West Supp. 2010) (applying generally to probate orders); *id.* § 606(g) (West Supp. 2010) (applying specifically to guardianship proceedings). A probate court order is final if it disposes "of all parties or issues in a particular phase of the proceedings." *De Ayala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006). On the other hand, "if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of," the order is not final. *Id.* at 578. An order requiring the deposit of funds as security for costs is not a final order under this test. *In re Guardianship of Olivares*, No. 07-07-0275-CV, 2008 WL 5206169, at *3 (Tex. App. – Amarillo Dec. 12, 2008, pet. denied) (mem. op.); *see also*

*Estate of Navar v. Fitzgerald*, 14 S.W.3d 378, 379-80 (Tex. App. – El Paso 2000, no pet.) (holding that order requiring executor to post a bond was not final); *cf. In re Guardianship of Humphrey*, 2008 WL 2445503, at *3 (holding that order awarding attorney ad litem fees was final and appealable).

The appellate remedy is also adequate if the benefits to mandamus review are outweighed by the detriments. *In re Prudential*, 148 S.W.3d at 136. Mandamus review is appropriate "to preserve important substantive and procedural rights from impairment or loss [and to] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments . . . ." *Id.* In this case the Relators will be deprived of the use of a substantial amount of money if they comply with the probate court's order. Other appellate courts have held that similar orders are reviewable by mandamus. *See In re Reveille Res.*, ___ S.W.3d ___, ___, 2011 WL 149872, at *2-3 (Tex. App. – San Antonio Jan. 19, 2011, orig. proceeding) (granting mandamus relief when the trial court erroneously required a party to deposit disputed funds into the court's registry); *N. Cypress Med. Ctr. Operating Co. v. St. Laurent*, 296 S.W.3d 171, 179-80 (Tex. App. – Houston [14th Dist.] 2009, no pet.) (same); *In re Deponte Inv., Inc.*, No. 05-04-01781-CV, 2005 WL 248664, at *2 (Tex. App. – Dallas Feb. 3, 2005, orig. proceeding) (mem. op.) (same); *TransAmerican Natural Gas Corp. v. Mancias*, 877 S.W.2d 840, 844 (Tex. App. – Corpus Christi 1994, orig. proceeding [leave denied]) (granting mandamus relief when the trial court erroneously required the posting of a fixed amount of security before final judgment); *Johnson v. Smith*, 857 S.W.2d 612, 615-16, 618 (Tex. App. – Houston [1st Dist.] 1993, orig. proceeding) (same).

## CONCLUSION

We conditionally grant a writ of mandamus. The writ will issue only if the probate court fails to vacate its orders requiring the Relators to deposit funds as security for costs into the court's

registry.

GUADALUPE RIVERA, Justice

May 11, 2011

Before Chew, C.J., McClure, and Rivera, JJ.