# NO. 12-14-00218-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE GUARDIANSHIP OF* | § | *APPEAL FROM THE COUNTY* |
| *JAMES N. CONIS,* | | |
| *APPELLANT* | § | *COURT AT LAW NO 3* |
| | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

This appeal arises from a guardianship proceeding in which Appellant, James Mason Conis, applied to be appointed guardian of his father. Conis, appearing *pro se*, complains in his amended notice of appeal that he was denied appointment of a receiver, denied discovery, denied access to the proposed ward, and ultimately was directed to pay $40,000.00 as attorney's fees to the attorney ad litem without an accounting of the ad litem's time and work performed. No written orders have been signed to memorialize these rulings. Conis also refers to a July 1, 2014 order for a cost deposit of $40,000.00. This order has been signed by the trial court.

Subject to certain exceptions not applicable here, a notice of appeal in a civil case must be filed within thirty days after the judgment or other appealable order is signed. *See* TEX. R. APP. P. 26.1. An appeal may be perfected only from a written order, not an oral ruling. *See id.*; **In re Johnston**, 79 S.W.3d 195, 198 (Tex. App.–Texarkana 2002, orig. proceeding) ("When no written order is made, the movant's right to appeal is negated."). Thus, except as to the order for a cost deposit, Conis's notice of appeal is premature. *See* TEX. R. APP. P. 27.1(a).

As to the order for a cost deposit, a party has the right to appeal any "final order" in a guardianship proceeding. TEX. G'SHIP CODE ANN. § 1022.001(c) (West 2014). A probate court order is final if it disposes of "all parties or issues in a particular phase of the proceedings." **De**

*Ayala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006). "[I]f there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of," the order is not final. *Id.* at 578.

Before the trial of a guardianship application, the trial court may, on the motion of a person authorized by statute, require the applicant to provide security for the probable costs of the proceeding. TEX. G'SHIP CODE ANN. § 1053.052(b) (West 2014). "[B]y requiring one to pay costs that could be incurred while [a] guardianship action proceeds, it can hardly be said that the directive disposes of the suit or results in the adjudication or resolution of any substantive right or cause of action." *In re Guardianship of Olivares*, No. 07-07-00275-CV, 2008 WL 5206169, at *3 (Tex. App.–Amarillo Dec. 12, 2008, pet. denied) (mem. op.). Thus, an order requiring the deposit of funds as security for costs is not a final order under the test applied in *De Ayala*. *In re Mitchell*, 342 S.W.3d 186, 192 (Tex. App.–El Paso 2011, orig. proceeding); *In re Guardianship of Olivares*, 2008 WL 5206169, at *3. In other words, the order is interlocutory.

A prematurely filed notice of appeal is not effective until the appellate deadline is triggered and therefore does not vest this court with jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1(b) (filing of notice of appeal invokes appellate court's jurisdiction); 27.1(a) (prematurely filed notice of appeal effective and deemed filed on day of, but after, event beginning period for perfecting appeal). And appellate courts have jurisdiction to review only final judgments and certain interlocutory orders that are not at issue here. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Consequently, this court notified Conis by letter dated July 31, 2014, pursuant to Texas Rule of Appellate Procedure 37.2, that the information received in this appeal does not include a final judgment or appealable order. Conis was further informed that the appeal would be dismissed unless the record was amended, on or before September 2, 2014, to show the jurisdiction of this court. The September 2, 2014 deadline has passed, and Conis has not shown the jurisdiction of this court. Accordingly, we *dismiss* the appeal *for want of jurisdiction*. *See* TEX. R. APP. P. 42.3(a). All pending motions are dismissed as moot.

Opinion delivered September 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2014**

**NO. 12-14-00218-CV**

**IN THE GUARDIANSHIP OF JAMES N. CONIS,**
Appellant

Appeal from the County Court at Law No 3

of Smith County, Texas (Tr.Ct.No. 39,676-G)

THIS CAUSE came to be heard on the appellate record, and the same being considered, it is the opinion of the court that this Court is without jurisdiction of the appeal, and that the appeal should be **DISMISSED**.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that this appeal be, and the same is, hereby **DISMISSED FOR WANT OF JURISDICTION;** all pending motions are dismissed as moot, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, and J., Hoyle.*