In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO.  09-14-00006-CV

IN THE GUARDIANSHIP OF JOYCE LANE TALLEY HATCH

On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 12-29708-P

## MEMORANDUM OPINION

The trial court appointed Janis Hatch Cribb ("Cribb") as the Permanent Guardian of Joyce Lane Talley Hatch. Alfred Ray Hatch ("Hatch") filed a notice of appeal, but the ward died before Hatch filed his appellant's brief. In two issues, Hatch contends that the trial court abused its discretion in requiring that Hatch post security to contest the guardianship and he argues that he was denied due process. We dismiss the appeal as moot.

Cribb and Hatch are the children of Joyce Lane Talley Hatch. Cribb filed a guardianship application. Hatch filed a contest and asked to be appointed as

guardian in the event the trial court ordered a permanent guardianship. The trial court appointed temporary guardians of the person and estate of the proposed ward. Cribb filed a motion in limine, contending that Hatch was disqualified to contest Cribb's application because Hatch had an interest adverse to that of the proposed ward and that Hatch was statutorily disqualified to serve as guardian, as well. Hatch filed a motion to dismiss his guardianship contest without prejudice approximately one week before the scheduled hearing on Cribb's motion in limine. The trial court dismissed the contest the day before Cribb's motion in limine would have been heard. Approximately three weeks later, and shortly before the guardianship hearing, Hatch's attorney filed a motion to appear as counsel for the proposed ward and alternatively requested reinstatement of Hatch's contest. In response, the temporary guardian filed a motion to require Hatch to pay security for costs. The trial court continued the guardianship hearing, and on the following day signed an order requiring the deposit of $25,000 as security for the probable costs of the contest proceeding. Hatch filed a motion to vacate the order. After the trial court denied Hatch's request for another continuance, Hatch filed a written notice that security for costs would not be filed. The trial court appointed Cribb as the permanent guardian of the person and estate of Joyce Lane Talley Hatch upon giving bond in the amount of $500,000.

On appeal, Cribb contends Hatch's issues have been mooted by the ward's death. "An appeal is moot when a court's action on the merits cannot affect the rights of the parties." *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007). In *Zipp*, the trial court removed Zipp as the guardian of the ward's person and estate for cause and appointed Wuemling. *Id.* at 72. The ward died during the pendency of the appeal, and the appellate court dismissed the appeal for lack of a justiciable controversy. *Id.* The Supreme Court reversed because a controversy remained regarding whether Zipp was properly removed as guardian for cause. The court found that resolution of that issue was proper as the Probate Code made a guardian's fees and obligation to pay for costs and attorney's fees incurred by the removal dependent upon that determination. *Id.* at 73.

Hatch's issues concern the trial court's decision to require Hatch to post security before reinstating his challenge to Cribb's appointment as guardian. To support his position, Hatch relies on a case where the appellate court conditionally granted a writ of mandamus compelling the trial court to vacate its orders requiring the relators to deposit funds for security for costs into the court's registry. *See In re Mitchell*, 342 S.W.3d 186, 192-93 (Tex. App.—El Paso 2011, orig. proceeding). In *Mitchell*, three siblings were litigating who should succeed their mother as guardian of an incapacitated fourth sibling's estate and person. *Id.* at 188. The trial

court appointed a guardian ad litem and an attorney ad litem to represent the ward during the contested guardianship proceedings, then ordered the sisters to make deposits for costs. *Id.* The appellate court reasoned that a section of the Texas Probate Code that required that the guardian be paid out of the ward's estate controlled over the section of the Texas Probate Code that authorized a trial court to order an applicant or a contestant to give security for costs, because the matter before the trial court was a proceeding to appoint a successor guardian for an undoubtedly incapacitated person. *Id.* at 191-92. The appellate court noted that it might be appropriate for an applicant to be required to post security in a proceeding to appoint a guardian for the first time, where it would not be clear from the outset that the applicant will not be responsible for costs. *Id*. at 192. Turning to the adequacy of an appellate remedy, the court reasoned that mandamus relief was appropriate to preserve important rights from impairment or loss where the relators will be deprived of the use of a substantial amount of money if they preserved their rights by filing the ordered security. *Id.*

In *Mitchell*, the appellate court considered the issue before the trial court appointed a successor guardian for a living ward. *See id.* at 188-89. In *Zipp*, the trial court removed the appellant as guardian and appointed the appellee as successor guardian. 218 S.W.3d at 72. After the ward died during the pendency of

4

the appeal, the court held that a justiciable controversy remained concerning whether the original guardian removed for cause would be liable for costs and attorney's fees associated with such removal. *Id.* at 73. In this case, Hatch never paid the ordered security and thus, no contest was ever heard against the appointed guardian and Hatch was never appointed as guardian of the ward. Consequently, the case proceeded to a final hearing and the trial court appointed Cribb as the permanent guardian. The trial court assessed no costs against Hatch. Now that the ward is deceased, any issue concerning her incapacity and the need for a guardianship is moot and the only remaining issue is to close the guardianship estate. *See* Tex. Est. Code Ann. §§ 1202.001(b)(1), 1204.001(b)(1) (West 2014). Accordingly, we dismiss the appeal as moot.

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on October 15, 2014
Opinion Delivered October 29, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.