

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-25-00335-CV

---

### In re Guardianship of Evelyn Ramirez, an Incapacitated Person

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Olga Alcantara (Alcantara) is the mother of Evelyn Ramirez (Evelyn), an incapacitated person. Alcantara challenges a September 19, 2025 probate court order in Evelyn's ongoing guardianship proceedings. Though Alcantara initially filed a notice of appeal, at Alcantara's request in the alternative, we treat the appeal as a petition for mandamus relief. We deny the petition because the order has expired by its own terms, and there is no live, justiciable controversy over which we have jurisdiction to consider her challenges to the order.

### I. BACKGROUND

In December 2024, over Alcantara's objection, Evelyn's father, Carlos Ramirez (Carlos), was appointed as Evelyn's permanent guardian.[1] In May 2025, representing herself, Alcantara

---

[1] Alcantara brought a separate petition for writ of mandamus in this court in cause number 08-25-00233-CV, challenging an order issued by the probate court on September 15, 2025. In our opinion in that matter, we provide a

filed a series of motions seeking to: modify the guardianship orders[2] and remove Carlos as Evelyn's permanent guardian; appoint a new court visitor; and appoint a new attorney ad litem and conduct a review of the former ad litem's conduct.

Carlos opposed the motions and requested that Alcantara be required to post a bond as security for the probable attorney's fees and costs of any proceedings that might take place to resolve her motions, as permitted by Texas Estates Code § 1053.052.[3] Alcantara filed an objection to the request to post security and a "Motion in Opposition to Guardian's Motion for Bond Costs and Request to Preserve Due Process and Equal Access to the Court."

After a hearing on May 22, 2025, the court issued an order denying Alcantara's motions for enforcement and a new court visitor.[4] It did not rule on Carlos's request for a bond then.

## II. THE CHALLENGED ORDER

Several months later, on September 19, 2025, the court issued an order stating that it was considering Carlos's motion for bond for the costs of the proceedings. The order stated that it was holding the "matter in abatement" for two months, and that the "abatement period shall remain in effect under the condition that [Relator] shall not:"

---

more detailed factual background of the events that have taken place in the guardianship proceeding. *In re Guardianship of Evelyn Ramirez*, No. 08-25-00233-CV, 2026 WL 129522 (Tex. App.—El Paso Jan. 16, 2026, no pet. h.) (mem. op.). Here, we only provide the salient facts relevant to the current proceeding.

[2] In her motion to modify, Relator requested "(1) an independent medical evaluation of Evelyn, (2) expanded visitation rights, (3) immediate review of the Guardian's conduct, (4) the removal of [Carlos] . . . as Guardian, (5) appointment of a neutral or family-based guardian, and (6) any other relief deemed just and proper by the Court."

[3] As discussed in more detail below, § 1053.052 provides: "At any time before the trial of an application, complaint, or opposition described by Subsection (a), an officer of the court or a person interested in the guardianship or in the welfare of the ward may, by written motion, obtain from the court an order requiring the person who filed the application, complaint, or opposition to provide security for the probable costs of the proceeding." Tex. Est. Code Ann. § 1053.052(b).

[4] The record before us does not contain an order resolving Alcantara's motion for the appointment of a new attorney ad litem.

2

a. Make any allegations, either verbal or written, against Carlos Ramirez, Guardian of the Person and Estate of Evelyn Ramirez;

b. Threaten any legal claim or action against Carlos Ramirez, Guardian of the Person and Estate of Evelyn Ramirez;

c. Engage in any conduct that is not in the best interest of Evelyn Ramirez.

The order stated that "[a]ny breach of the conditions set forth in this Order shall result in the immediate termination of the Abatement Period." It further stated, "[u]pon termination of the Abatement Period, Olga Alcantara shall be required to post a cash bond in the amount of Twenty-Five Thousand Dollars ($25,000.00) to cover the cost of these proceedings . . . within twenty-five (25) days from the termination date of the abatement period." Finally, it warned that "[f]ailure to comply with this Order may result in further sanctions or proceedings as determined appropriate by the Court."

Alcantara appealed from the September 19th order. In her notice, she averred that: "[t]his order substantially affects [her] rights to access the courts and [to] protect her daughter Evelyn's legal interests."[5]

### III. THIS COURT'S NOTICE REGARDING APPELLATE JURISDICTION AND ALCANTARA'S RESPONSE

On December 18, 2025, we sent Alcantara a notice, stating the September 19th order does not appear to be a final, appealable judgment and this Court may lack jurisdiction over the appeal. We informed Alcantara that we would dismiss the appeal "unless [she] file[d] a response showing how the Court has jurisdiction," citing Tex. R. App. P. 42.3(a) (on a court's own initiative, "after giving ten days' notice to all parties—the appellate court may dismiss the appeal or affirm the appealed judgment or order . . . if the appeal is subject to dismissal . . . for want of jurisdiction").

---

[5] Alcantara timely filed her appeal with the County Clerk, who forwarded the notice of appeal to this Court on December 18, 2025.

Alcantara responded by filing a "Supplemental Jurisdictional Statement, Motion to Preserve Jurisdiction, and Request for Emergency Relief" (the Supplemental Jurisdictional Statement), in which she asserts that the September 19th order is a final, appealable order. In the alternative, she requested that we treat her appeal as a petition for a writ of mandamus. She further sought a stay of the order pending our resolution of her challenge to the order.

As explained below, we conclude that (1) the September 19th order is not a final, appealable order, (2) it is subject to review by means of a mandamus petition, and (3) it presents no justiciable controversy for which we could issue an effective order granting her any relief. We therefore lack jurisdiction to rule on whether the probate court abused its discretion in entering the order, and we lack jurisdiction to stay the order.

## IV. WE DISMISS THE APPEAL FOR LACK OF A FINAL ORDER

The question of whether an appellate court has jurisdiction to determine the merits of an appeal is a question of law, which we review de novo. *See Matter of Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam) (citing *Bonsmara Nat. Beef Co. v. Hart of Texas Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020)). "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Id*. (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)).

However, as Alcantara points out, "[p]robate and guardianship proceedings present an exception to the one final judgment rule[]" and in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id*. at 924–95 (internal quotation marks omitted) (quoting *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)); *see also* Tex. Est. Code Ann. § 1022.001(c) ("A final order issued by a probate court is appealable to the court of appeals."). The test for determining whether an order is "final" for appellate purposes in such proceedings is whether the order disposes of all issues and all parties "in the phase of the

4

proceeding for which it was brought." *Guardianship of Jones*, 629 S.W.3d at 925 (citing *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). Stated otherwise, the test is whether the order concludes a "discrete phase" of a guardianship proceeding; if it does, it is a final order. *Id.* On the other hand, "if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of," the order is not final and is instead interlocutory. *Crowson*, 897 S.W.2d at 783 (Tex. 1995); *see also In re Mitchell*, 342 S.W.3d 186, 192 (Tex. App.—El Paso 2011, orig. proceeding) (recognizing same) (citing *De Ayala*, 193 S.W.3d at 579)).

Here, we conclude that the challenged order does not constitute a final order under this standard. The September 19th order was issued on Carlos's motion to require Alcantara to post security for the probable cost of future proceedings. Such an order is permitted by § 1053.052 of the Estates Code. Tex. Est. Code Ann. § 1053.052(b) (allowing court to issue an order in a guardianship proceeding "requiring [a] person who filed [an] application, complaint, or opposition to provide security for the probable costs of the proceeding"); *see also Ridge v Ridge*, 658 S.W.3d 427, 437 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (recognizing probate court's discretion to require a person to provide security for the probable costs of a proceeding). But the probate court's order did not resolve that issue; instead, it abated Carlos's request for two months. Rather than require Alcantara to immediately post a bond, the order conditionally required her to do so if she engaged in certain actions during the abatement period.

Moreover, even if the order had required the immediate posting of a bond or security, an order requiring the deposit of funds as security for the probable costs of an ongoing proceeding in a guardianship action is not a final, appealable order, as it does not dispose of all parties or issues in a discrete phase of the proceeding. *See In re Mitchell*, 342 S.W.3d at 192 (recognizing that an order requiring the deposit of funds as security for costs in a guardianship proceeding is not a final

5

order); *Ridge*, 658 S.W.3d at 432–33 (order requiring ward's mother to provide security for the probable costs of her contests to the appointment of a successor guardian of the ward did not end any phase of the proceeding and was therefore not a final, appealable order); *In re Guardianship of Conis*, No. 12-14-00218-CV, 2014 WL 4922643, at *1 (Tex. App.—Tyler Sept. 30, 2014, no pet.) (per curiam) (mem. op.) ("[A]n order requiring the deposit of funds as security for costs [in a guardianship proceeding] is not a final order under the test applied in *De Ayala*."). To the contrary, an order requiring a party to post security for the probable costs that could be incurred while a proceeding is ongoing, by its very nature, does not dispose of any discrete portion of the case. *See In re Guardianship of Olivares,* No. 07–07–0275–CV, 2008 WL 5206169, at *3 (Tex. App.— Amarillo Dec. 12, 2008, pet. denied) (mem. op.) (recognizing that when an order requires "one to pay costs that could be incurred while the guardianship action proceeds, it can hardly be said that the directive disposes of the suit or results in the adjudication or resolution of any substantive right or cause of action[,]" and such an order is therefore interlocutory) (citing *Bozeman v. Kornblit,* 232 S.W.3d 261, 263 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (stating that an order that merely "'sets the stage' for further resolution is interlocutory and non-appealable"); *De Ayala,* 193 S.W.3d at 579 (stating that the order there involved was interlocutory because it did not end a phase of the proceedings but rather "set[ ] the stage for the resolution of all proceedings")).

Nor can we say that the portion of the September 19th order directing Alcantara to refrain from engaging in certain conduct during the two-month abatement period is a final order, as it similarly did not conclude a discrete phase of the proceedings. To the contrary, this portion of the order also contemplated that the guardianship proceedings would be ongoing, and was therefore also interlocutory in nature. *Id.*

Accordingly, we conclude that the trial court's September 19, 2025 order was not a final, appealable order and consider Alcantara's request for mandamus relief in the alternative.

6

## V. Mandamus Relief is not Warranted as the Order Presents No Justiciable Controversy

Given Alcantara's express request that we treat her appeal as a petition for writ of mandamus in the alternative if we determine, as we have, that the court's order was not appealable, we will treat the appeal as such.[6] *See CMH Homes v. Perez*, 340 S.W.3d 444, 453–54 (Tex. 2011) (treating appeal as a mandamus petition "because the appellant specifically requested mandamus relief" in the alternative).

To be entitled to the extraordinary remedy that is mandamus relief, a petitioner must show both that the trial court clearly abused its discretion and the petitioner lacks an adequate remedy by appeal. *See In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). Here, we have already concluded that Alcantara has no adequate remedy at law, and the order may therefore be reviewed by mandamus. *See In re Strban*, No. 12-21-00049-CV, 2021 WL 2371418, at *2 (Tex. App.—Tyler June 9, 2021, orig. proceeding) (mem. op.) (concluding that because an order requiring the posting of security in a guardianship proceeding is not a final, appealable order, it is reviewable by mandamus); *see also Zhao v. XO Energy LLC*, 493 S.W.3d 725, 735 (Tex. App.— Houston [1st Dist.] 2016, no pet.) (concluding that trial court's order requiring party to deposit security was not a final appealable order, but treating party's challenge to the order as a petition for writ of mandamus); *Midwestern Cattle Mktg., LLC v. Nw. Cattle Feeders, LLC*, No. 02-17-00274-CV, 2018 WL 1414834, at *6 (Tex. App.—Fort Worth Mar. 22, 2018, pet. denied)

---

[6] We note that Alcantara did not file a mandamus petition that complied with Tex. R. App. P. 52.3 and instead filed a "Supplemental Jurisdictional Statement" in which she set forth her challenges to the September 19th order and her reasons for requesting mandamus relief. To expedite this matter and because we conclude that the absence of any justiciable controversy prevents us from considering Alcantara's challenges to the order, we will suspend the rules governing the procedural requirements for filing a mandamus petition as permitted by Rule 2 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 2 ("an appellate court may—to expedite a decision or for other good cause— suspend a rule's operation in a particular case and order a different procedure[.]" ); *see also In re Nutall*, No. 10-19-00338-CR, 2019 WL 5078700, at *1 n.1 (Tex. App.—Waco Oct. 9, 2019, no pet.) (mem. op., not designated for publication) (given court's decision to deny relator's mandamus petition, and to expedite the resolution of the petition, court implemented Rule 2 to suspend the procedural requirements found in the Texas Rules of Appellate Procedure for filing mandamus petitions).

(recognizing that although an order requiring party to deposit monies into the court's registration is not appealable, it was "reviewable via an original proceeding").

Alcantara argues she is entitled to mandamus relief because the probate court abused its discretion in entering the September 19th order.[7] In particular, she asserts that the order improperly imposed "immediate and ongoing restraints on [her] speech and participation"; "condition[ed] [her] continued participation on posting a punitive bond"; "restrict[ed] [her] ability to protect the ward's interests"; and "[e]ffectively determine[d] rights that cannot be restored after final judgment." We express no opinion as to whether the trial court abused its discretion in issuing the order given our conclusion that we have no jurisdiction to review the order.

The Texas Supreme Court recently addressed the issue of justiciability in *Texas Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, 717 S.W.3d 854 (Tex. 2025). In that case, the court explained that Article 1, § 13 of the Texas Constitution "implicitly defines the bounds of potentially justiciable issues." *Grassroots Leadership, Inc.*, 717 S.W.3d. at 873 (citing *Patterson v. Planned Parenthood of Hous. & Se. Texas, Inc.*, 971 S.W.2d 439, 445 (Tex. 1998) (Gonzalez, J., concurring)). This constitutional provision states: "All courts shall be open, and every person for an injury done him . . . , shall have remedy by due course of law." *Id.* at 872 (quoting Tex. Const. art. I, § 13). However, by its very nature, the provision "contemplates access to the courts *only* for those litigants *suffering* an injury." *Id*. at 872–73 (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (emphasis original)). In turn, the court recognized that "[a]n injury that has not yet ripened, or that is not concrete or genuine, or that has

---

[7] In her Supplemental Jurisdictional Statement, Alcantara also seeks mandamus relief on other issues, complaining about actions Carlos has taken as Evelyn's guardian, including his alleged failure to provide her with Evelyn's medical records and failure to disclose financial information. Alcantara further accuses Carlos of breaching his fiduciary duties to Evelyn in a variety of ways. Because these issues are unrelated to the September 19th order before us, we do not address any of them in our analysis. *See In re Polymerica, LLC*, 271 S.W.3d 442, 448 (Tex. App.—El Paso 2008), *subsequent mandamus proceeding*, 296 S.W.3d 74 (Tex. 2009) (per curiam) (recognizing that appellate court will not consider complaints that were not addressed in lower court's order in a mandamus proceeding challenging the order).

ceased to be remediable, is not an injury that a litigant 'is suffering.'" *Id.* at 873. Accordingly, it concluded that, although courts are tasked with remedying "actual injuries," in light of the doctrine of justiciability, courts may "not address speculative or theoretical disputes or disputes that, while once live, no longer are." *Id.*

The court further explained that the "justiciability doctrines" are necessary to ensure that courts refrain from issuing "advisory opinions—not because such opinions would be useless, but because issuing them would not resolve a live dispute between actually adverse parties and therefore would not constitute an exercise of the judicial power." *Id.* at 873. In other words, a court only has the power to "resolve actual, non-collusive legal disputes brought by adverse parties who have a genuine legal interest and a live stake in the outcome, which can be reduced to an enforceable judgment." *Id.* at 868.

Here, although Alcantara requests that we vacate the probate court's September 19th order in part because of its restrictions on her actions and speech, we find that the order does not present a live, justiciable controversy under this standard, and we do not have the judicial power to resolve her challenge to the order. As set forth above, the September 19th order abated Carlos's motion to require Alcantara to post security for two months and ordered her to refrain from certain actions during that time. But the two-month abatement period has expired. Thus, to the extent the order may have impacted Alcantara's right to participate in the proceedings during that two-month period, as she claims, or may have otherwise impacted her ability to protect Evelyn's interests during the abatement period, it no longer has any impact on her actions at this time, and therefore does not present a "live" issue for our review.[8] In other words, this portion of the order has become moot, and no order we could issue could have any practical effect on that portion of the order. *See*

---

[8] We also note that the record before us established that Alcantara continued to file pleadings during the abatement period after the September 19th order was entered.

9

*Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022) (recognizing that "[a] case is moot when a live controversy no longer exists or the parties have no legally cognizable interest in the outcome") (citing *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (recognizing that "[m]ootness occurs when events make it impossible for the court to grant the relief requested or otherwise 'affect the parties' rights or interests.'"); *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) (recognizing same)); *see also Texas Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 875 (Tex. 2025) ("One way mootness arises is if a ruling cannot 'affect the parties' rights or interests' such that it 'would be without *practical* effect.'") (emphasis original) (quoting *Elec. Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 639 (Tex. 2021)).

Any judgment we could issue with respect to the September 19th order's restriction on Alcantara's actions and speech during the expired two-month abatement period would not afford her any genuine relief. *Interest of L.A.-K.*, 596 S.W.3d 387, 396 (Tex. App.—El Paso 2020, no pet.) (recognizing that in general, "the expiration of an order granting injunctive or protective relief renders the issue moot") (citing *In re Sierra Club*, 420 S.W.3d 153, 156 (Tex. App.—El Paso 2012, orig. proceeding).

Similarly, the portion of the September 19th order in which the probate court stated that Alcantara would be required to post a bond if she violated the terms of the order during the abatement period, thereby causing it to "terminate," also fails to present us with a justiciable controversy. This aspect of the order was conditional in nature, and therefore was not ripe for review at the time it was entered; nor is there anything in the record to suggest that a bond was ever imposed on her. We therefore conclude that the court's conditional bond order does not pose

10

a live controversy over which we could issue a judgment having any practical effect.[9] *See Estate of Wilson*, No. 04-24-00191-CV, 2025 WL 2458629, at *2 (Tex. App.—San Antonio Aug. 27, 2025, no pet.) (where court initially ordered party to provide security for costs but did not enforce the order and the security was "not collected upon," it was "procedurally inconsequential" and therefore did not present a justiciable controversy that was ripe for appellate review) (citing *Bridgeport Independent School District v. Williams*, 447 S.W.3d 911, 918 (Tex. App.—Austin 2014) (concluding claims not ripe because alleged injury remained contingent); *Atmos Energy Corp. v. Abbott*, 127 S.W.3d 852, 858 (Tex. App.—Austin 2004) (finding claims not ripe because alleged controversy was speculative and there was no showing of actual or imminent harm)).

Accordingly, any judgment we could enter regarding the conditional bond order would be advisory in nature, and we therefore cannot consider this aspect of the court's order.

## VI. CONCLUSION

Based on the foregoing, we conclude that Alcantara has failed to establish her entitlement to mandamus relief or to a stay of the September 19th order. Accordingly, we deny her petition for a writ of mandamus and motion for a stay. All pending motions are denied as moot.

LISA J. SOTO, Justice

January 27, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.

---

[9] In her initial docketing statement, Alcantara complained that the court entered an order on September 15, 2025, imposing a temporary restraining order to prevent her from interfering with Carlos's role as guardian and that the court held a hearing in October 2025 regarding whether to make the order permanent and thereby "extend" the restrictions on her. However, the court's September 15th order is not before us in this proceeding, nor is there any indication in the record that the probate court entered a permanent injunction against her following the October hearing. We therefore do not consider this complaint in our analysis.