# IN THE SUPREME COURT OF TEXAS

════════════

No. 14-0940

════════════

IN RE GUARDIANSHIP OF THE PERSON AND ESTATE OF
RYAN KEITH TONNER, AN INCAPACITATED PERSON, PETITIONER

══════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS

══════════════════════════════════════════════

**PER CURIAM**

Years after his guardian's death, petitioner applied for full or at least partial restoration of his capacity. The trial court dismissed the application, finding that petitioner's capacity had not been restored. The court of appeals affirmed. ___ S.W.3d ___ (Tex. App.—Amarillo 2014). We agree with the court of appeals that the evidence supports the trial court's refusal to restore petitioner's capacity fully, but we conclude that the lower courts could not determine whether petitioner's capacity should be partly restored without appointing a successor guardian, which petitioner did not seek.[1] We thus affirm the court of appeals' judgment but for reasons different from those given by that court.

_____

[1] In 2015, after petitioner sought review from this Court, Baleon, Inc., doing business as Trilogy Guardians, applied to be appointed the successor guardian for petitioner's person and estate. The trial court granted the application, finding that because of a mental condition, petitioner was "totally without capacity . . . to care for himself, to manage his property and financial affairs, to operate a motor vehicle and to vote in an election." The trial court gave Trilogy Guardians "all of the duties, powers, and limitations . . . granted to a guardian by the laws of this state" and declared petitioner "totally incapacitated without the authority to exercise any rights or powers for himself or his Estate." Order Appointing Permanent Guardian of the Person and Estate, *In re Tonner*, No. 2015-785,069 (Co. Ct., Lubbock County, Tex. Aug. 3, 2015).

In 2003, the county court of Howard County appointed Beatriz Burton guardian of the person and estate of her grandson, Ryan Keith Tonner, age 17, who had been living with her and was incapacitated due to an intellectual disability. The order vested Burton with "all of the duties, powers and limitations . . . granted to a guardian by the laws of this state" without specific enumeration and provided that the guardianship would continue "until [Tonner] reaches the age of majority, becomes an emancipated Adult, or until the Court determines this matter shall be terminated." Tonner was first placed in the Austin State School, but in 2005 he was transferred to the Lubbock State Supported Living Center ("Living Center") operated by the Texas Department of Aging and Disability Services ("the Department"). Burton's last annual report was approved that year. She passed away in 2007. Tonner continued to reside at the Living Center. The Department, as reported to the trial court, would not allow a community placement on the ground that Tonner could not consent to placement and medical treatment because he had been adjudicated an incapacitated person.

In 2012, an investigator appointed by the county court of Lubbock County obtained an order transferring the guardianship to Lubbock County. *See* TEX. EST. CODE § 1023.003. A month later, Disability Rights Texas, a non-profit "organization whose mission is to protect the rights of, and advocate for, persons with disabilities," TEX. EST. CODE § 1151.351(b)(20), filed an application on Tonner's behalf to fully or partially restore his capacity.[2] Living Center doctors and staff testified that

---

[2] Section 694A of the Texas Probate Code, the provision applicable at the time of the trial court proceedings, as non-substantively recodified in 2011 and subsequently amended in 2015, provides in part:

> A ward or any person interested in the ward's welfare may file a written application with the court for an order:

Tonner had become able to make informed decisions regarding his residence, contractual obligations, employment, applications for government assistance, bank accounts, voting, and marriage. But a court-appointed psychiatrist testified that Tonner's condition had not changed, that he could not make financial decisions for himself, and that he would always require assistance and supervision. The trial court dismissed the application on the ground that Tonner's capacity was not restored, finding that although his named guardian was deceased, her powers and duties "will remain unchanged." This, of course, was impossible.[3] On appeal, Tonner, still represented by Disability

> (1) finding that the ward is no longer an incapacitated person and ordering the settlement and closing of the guardianship; . . .
>
> (3) finding that the ward has the capacity, *or sufficient capacity with supports and services,* to do some, but not all, of the tasks necessary to provide food, clothing, or shelter for himself or herself, to care for the ward's own physical health, or to manage the ward's own financial affairs and:
>
> (A) limiting the guardian's powers or duties; and
>
> (B) permitting the ward to care for himself or herself, *make personal decisions regarding residence, or ~~to~~* manage the ward's own financial affairs commensurate with the ward's ability, *with or without supports and services*.

TEX. EST. CODE § 1202.051 (emphasis added to show 2015 amendments); *see* Act of May 18, 2015, 84th Leg., R.S., ch. 214, §§ 16, 24(e), 25, 2015 Tex. Gen. Laws 1291, 1297, 1302 [HB 39] (changes made to section 1202.051 apply only to applications filed on or after September 1, 2015, the effective date of the Act); Act of May 19, 2011, 82d Leg., R.S., ch. 823, §§ 1.02, 3.02, 3.03, 4.01, 4.02, 4.03, 2011 Tex. Gen. Laws 1901, 2043, 2094, 2095 [HB 2759] (effective January 1, 2014); *see also* Act of May 27, 1995, 74th Leg., R.S., ch. 1039, § 41, 1995 Tex. Gen. Laws 5145, 5163 [HB 2029] (adopting former section 694A of the Probate Code); Act of May 20, 1999, 76th Leg., R.S., ch. 829, § 5, 1999 Tex. Gen. Laws 3461, 3462–63 [HB 1663] (amending former section 694A). A ward may make an informal request for such an order, and, if a ward does so, the court "shall appoint the court investigator or a guardian ad litem to investigate" and file a report. If the investigator determines it is in the best interest of the ward to terminate or modify the guardianship, the investigator shall file an application under section 1202.051 on the ward's behalf. TEX. EST. CODE § 1202.054. A request for an order settling and closing a guardianship also "may be made by informal letter to the court." *Id.* § 1202.001(d).

[3] The trial court may have thought it was complying with statutory requirements. *See* TEX. EST. CODE § 1202.157 ("If the court finds that a modification of the ward's guardianship is not necessary or that the ward's capacity has not been restored, the court shall dismiss the application and enter an order that contains findings of fact and specifies, in addition to the information required by Section 1202.154, that the guardian's powers, limitations, or duties with respect to the ward's care or the management of the ward's property remain unchanged."). But a court cannot order

Rights Texas, argued that the trial court abused its discretion in finding Tonner totally incapacitated, "despite the unanimous testimony that Mr. Tonner has capacity to marry and, with supports and services, to apply for, consent to, and receive governmental benefits; determine his residence; manage his finances; accept employment; and make routine medical decisions." His prayer asserted that the court of appeals should "reverse the trial court's finding of total incapacity and find that Mr. Tonner has been restored as to his capacity to marry; apply for, consent to, and receive governmental benefits; determine his residence; accept employment; manage his finances; and make routine medical decisions." The court of appeals affirmed. ___ S.W.3d ___, ___ (Tex. App.—Amarillo 2014).

In his petition for review, Tonner argues that the 2003 guardianship order has become unduly restrictive in violation of section 1001.001 of the Texas Estates Code,[4] and prays, "given the

___

that a nonexistent guardian's authority remain unchanged.

[4] Section 1001.001 is a 2011 nonsubstantive recodification of former section 602 of the Texas Probate Code, which was in effect during proceedings in the trial court. *See* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, §§ 1.02 , 3.02, 3.03, 4.01, 4.02, 4.03, 2011 Tex. Gen. Laws at 1919–20, 2094, 2095 [HB 2759] (effective January 1, 2014), recodifying, as amended, Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 1, 1993 Tex. Gen. Laws 4081, 4083 [HB 2685]. Section 1001.001, as amended in 2015 and applicable to pending proceedings, provides:

> (a) A court may appoint a guardian with either full or limited authority over an incapacitated person as indicated by the incapacitated person's actual mental or physical limitations and only as necessary to promote and protect the well-being of the incapacitated person.

> (b) In creating a guardianship that gives a guardian limited authority over an incapacitated person, the court shall design the guardianship to encourage the development or maintenance of maximum self-reliance and independence in the incapacitated person*, including by presuming that the incapacitated person retains capacity to make personal decisions regarding the person's residence.*

TEX. EST. CODE § 1001.001 (emphasis added to show 2015 amendments); *see* Act of May 18, 2015, 84th Leg., R.S., ch. 214, §§ 1, 24(a), 25, 2015 Tex. Gen. Laws 1291, 1302 [HB 39] (except as otherwise provided, changes by this Act apply to guardianships created before, on or after the effective date of this Act, September 1, 2015, and to guardianship applications pending on, or filed after, the effective date of the Act).

undisputed evidence of his partial restoration," that the Court render judgment that he "has been partially restored as to his capacity to make decisions concerning his residence and employment." We are unable to reach Tonner's argument.

Section 1202.051(3) authorizes a ward to apply for an order finding that he is only partly incapacitated and limiting the guardian's powers or duties accordingly.[5] But after Burton's death, Tonner had no guardian, and he did not request that one be appointed when he applied to have his incapacity redetermined. The trial court could certainly have appointed a successor guardian at any time,[6] and while this appeal has been pending, it has done so. But the court could not determine whether a non-existent guardian's powers should be restricted or remain unchanged.

Tonner's petition for review is granted, and without oral argument, TEX. R. APP. P. 59.1, the judgment of the court of appeals is affirmed.

Opinion delivered: December 2, 2016

---

[5] Amendments to this section since the trial court proceedings in this case suggest that the court's orders could now be further tailored to take into account whatever supports and services would be available to the ward in caring for himself and making his own decisions.

[6] *See* TEX. EST. CODE § 1203.102; *see also* §§ 1202.001(determining guardian's performance of duties), .002 (court's annual examination of guardianship).