IN the Matter of the GUARDIANSHIP OF Mark Scott CROFT, an Incapacitated Person

NO. 14–15–00911–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed December 20, 2016

---

Lana S. Shadwick, Louis M. Ditta, Houston, TX, for Appellee.

Jerry Wayne Simoneaux Jr., Houston, TX, for Appellant.

Panel consists of Justices Boyce, Busby, and Wise.

## OPINION

William J. Boyce Justice

Mark Scott Croft appeals the trial court's dismissal of his application for restoration of capacity to manage his estate. In three issues, Croft (1) challenges the sufficiency of the evidence supporting the trial court's finding that Croft's application should be denied; (2) contends the trial court erred by concluding that Texas Estates Code section 1202.155(3) bars complete restoration when there is some evidence of a continuing mental condition, even if that condition has no significant effect on the ward's ability to manage his affairs; and (3) contends the trial court's order dismissing his application does not conform with statutory requirements.

We agree with Croft that the trial court's order does not comply with statutory requirements. This circumstance prevents us from reaching Croft's other issues.

Accordingly, we reverse and remand to the trial court for any additional proceedings, as necessary, and for issuance of an order complying with the requirements of the Texas Estates Code. Because there are no cases analyzing the interplay of the relevant statutory provisions, we address below the statutory requirements for an order addressing restoration of a ward's capacity.

## BACKGROUND

Croft suffered serious injuries in a motor vehicle accident in 2009. A Florida court found him to be incapacitated and established a guardianship of his person and estate in 2012. The guardianship of the estate was transferred to Texas later that year. The Florida court restored Croft's rights concerning the guardianship of his person in February 2015. Croft filed an application in Texas that same month seeking restoration of his capacity with respect to the guardianship of his estate.

After being presented with a ward's application for restoration of capacity, the trial court must issue either an order granting the application in accordance with Texas Estates Code section 1202.155 or an order dismissing the application in accor-

dance with Texas Estates Code section 1202.157. *See* Tex. Est. Code Ann. §§ 1202.155, .157 (Vernon 2014). The order must contain findings of fact and comply with general requirements set out in section 1202.154. *See id.* §§ 1202.155, .157; *see also* Tex. Est. Code Ann. § 1202.154 (Vernon 2014).[1]

The trial court signed an order dismissing Croft's application for restoration of capacity to manage his estate on October 13, 2015. The trial court signed findings of fact and conclusions of law on October 29, 2015.

In its findings of fact, the trial court found that Croft was diagnosed in 2011 with Bipolar Disorder as a result of the traumatic brain injury he sustained from the accident. The trial court found that Croft "continues to suffer from decreased cognitive functioning and has problems with his memory and concentration." Finally, the trial court found that "Bipolar Disorder; decreased cognitive functioning; and impaired memory and concentration are mental conditions as the term is used in Texas Estates Code § 1202.155."

In its conclusions of law, the trial court concluded that Croft is not eligible to be restored to full legal capacity because he suffers from multiple mental conditions. The trial court also concluded that there is a need to continue the guardianship of Croft's estate. Croft challenges this order on appeal.

1. Certain provisions of the Estates Code were amended in 2015. *See* Act of May 18, 2015, 84th Leg., R.S., ch. 214, §§ 16, 19, 20, 24, 25, 2015 Tex. Gen. Laws 1291, 1297–98, 1302. The amendments apply to guardianships created before, on, or after the September 1, 2015 effective date of the act, with specific identified exceptions that do not apply retroactively—including, as relevant to this discussion, sections 1202.051, .153, and .154. *See id.*; *see also In re Guardianship of Tonner*, No.

## ANALYSIS

A ward may apply for an order "finding that the ward is no longer an incapacitated person and ordering the settlement and closing of the guardianship." Tex. Est. Code Ann. § 1202.051(1) (Vernon 2014). The Texas Estates Code sets out the determinations courts must make in granting or dismissing the ward's application for complete restoration of the ward's capacity. *See generally id.* §§ 1202.001–.201 (Vernon 2014 & Supp. 2016).

## I. Statutory Scheme

### A. Incapacity is a Threshold Determination

Before ordering the settlement and closing of a guardianship, the trial court must find by a preponderance of the evidence "that the ward is no longer partially or fully incapacitated." *Id.* § 1202.153(a) (Vernon 2014). The Texas Estates Code defines an "incapacitated person" as "an adult who, because of a physical or mental condition, is substantially unable to: (A) provide food, clothing, or shelter for himself or herself; (B) care for the person's own physical health; or (C) manage the person's own financial affairs[.]" *Id.* § 1002.017(2) (Vernon 2014).

If the trial court determines that the ward remains partially or fully incapacitated—in other words, that the ward remains substantially unable to perform one of the categories of activities listed above—then the court should dismiss the application.

14–0940, 513 S.W.3d 496, 499 n.2 , 2016 WL 7030814 n.2 (Tex. Dec. 2, 2016) (per curiam), *available at* http://www.txcourts.gov/media/ 1436462/140940.pdf. The excepted provisions apply only to an application or proceeding "for the restoration of a ward's capacity" filed on or after the effective date of the amendments; therefore, we cite to the prior version of those sections because Croft's application for restoration was filed in February 2015.

*See id.* §§ 1202.153, .157. The dismissal order must contain findings of fact and specify that "the guardian's powers, limitations, or duties with respect to the ward's care or the management of the ward's property remain unchanged." *Id.* § 1202.157. The trial court must determine that the ward is partially or fully incapacitated based on the ward's substantial inability to provide food, clothing, or shelter for himself or herself; care for the ward's own physical health; or manage the ward's own financial affairs. The order should identify which of the categories the ward is substantially unable to perform, or should state that the ward is substantially unable to perform any of the categories.

**B. Section 1202.155 Addresses Additional Factors to be Considered After the Threshold Determination Regarding Incapacity**

█ Section 1202.155 applies only to an order restoring a ward's capacity. *See id.* § 1202.155 (titled "Additional Requirements for Order Restoring Ward's Capacity"). Accordingly, the trial court looks to section 1202.155 only if the trial court first determines that the ward no longer is an incapacitated person. *See id.* Once the court finds that the ward no longer is an incapacitated person, an order restoring the ward's capacity must find that "there is no further need for a guardianship of the person or estate of the ward." *Id.* If the ward's incapacity resulted from a mental condition, the order must find that "the ward's mental capacity is completely restored . . . ." *Id.* The order should otherwise comply with section 1202.154.

█ If the ward's mental capacity is completely restored and there is no further need for a guardianship of the person or the estate, then the trial court should sign an order granting the application and containing findings of fact in compliance with section 1202.155. Otherwise, the trial court should sign an order making findings and dismissing the application in compliance with section 1202.157; these findings may encompass determinations made by the court with respect to eligibility for complete restoration of the ward's capacity.

**C. General Information Required in Any Order**

Regardless of whether the trial court finds that the guardianship should be terminated or should persist, the trial court's order must state: (1) the guardian's name; (2) the ward's name; and (3) whether the type of guardianship being addressed is a guardianship of the person, of the estate, or of both the person and the estate. *Id.* § 1202.154(a).

**II. Application of This Statutory Scheme to the Trial Court's Order**

█ The trial court's order, findings of fact, and conclusions of law do not comport with the requirements for keeping the guardianship in place or for dissolving it.

First, the order and findings purporting to dismiss the application do not include all of the information required by sections 1202.154 and 1202.157.

Additionally, the trial court's conclusions of law state that Croft "is not eligible to be restored to full legal capacity at this time" based on section 1202.155(3) because "he suffers from multiple mental conditions." The order, findings of fact, and conclusions of law do not state whether the trial court addressed the threshold determination regarding whether Croft continues to be an incapacitated person.

Croft contends the evidence does not support a determination that the guardianship over his estate should remain in place. Before we can analyze sufficiency of the evidence, we must identify the appropriate

legal standard against which the evidence should be measured. We cannot perform a sufficiency analysis at this juncture without an order that complies with all statutory prerequisites for maintaining or terminating a guardianship. Likewise, we cannot address Croft's second issue concerning the effect of a mental condition on his eligibility for a complete restoration because that provision comes into play only after the court "finds that a ward is no longer an incapacitated person." *See id.* § 1202.155. No such finding has been made.

### CONCLUSION

We reverse the order of dismissal and remand to the trial court for proceedings consistent with this opinion.