# NO. 12-21-00049-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *GREGORY STRBAN,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator, Gregory Strban, filed this original proceeding to challenge Respondent's orders requiring Strban to deposit funds into the court registry for payment of the attorney ad litem, guardian ad litem, and temporary guardian in a guardianship proceeding.[1]  We deny the writ.

## BACKGROUND

Strban and Real Party in Interest Shawna Benge are the parents of Raymond Garrett Strban, an incapacitated person.  On June 24, 2020, Respondent appointed Real Party in Interest John Weismuller as Garrett's attorney ad litem and ordered that Strban and Benge each place $1,000 into the court registry by July 15 to be used for the payment of Weismuller's fees.  On August 6, Respondent appointed Real Party in Interest Jeff Bates as Garrett's guardian ad litem and ordered that Strban and Benge each place $750 into the court registry by August 28 to be used for the payment of Bates's fees.  On November 24, Respondent appointed Real Party in Interest Jason Armstrong as Garrett's temporary guardian and ordered that Strban and Benge each place $1,000 into the court registry by November 26 to be used for the payment of Armstrong's fees.  On March 5, 2021, Respondent signed a letter that contained the following pertinent rulings:

> The Court approves the Application for Payment of Attorney Fees by the Guardian Ad Litem, Mr. Jeff Bates, in the amount of $3,120.00. Shawna Benge and Greg Strban are ordered to each pay 50% of this amount to Mr. Jeff Bates on or before 5 p.m. on April 1, 2021.

---

[1] Respondent is the Honorable Clyde Herrington, Judge of the County Court at Law No. 2 of Angelina County, Texas.

> The Court approves the Application for Temporary Guardian Compensation in the amount of $7,659.26 to Mr. Jason Armstrong. Shawna Benge and Greg Strban are ordered to each pay 50% of this amount to Mr. Jason Armstrong on or before 5 p.m. on April 1, 2021.
>
> The Court approves the Application for Payment of Attorney Fees by the Attorney Ad Litem, Mr. John Weismuller, in the amount of $6,203.79. Shawna Benge and Greg Strban are each ordered to pay 50% of this amount to Mr. John Weismuller on or before 5 p.m. on April 1, 2021.

On March 18, Respondent signed an order authorizing compensation to Armstrong for the period of November 24, 2020 to January 29, 2021. Respondent found that Armstrong's request for compensation should be granted in the amount of $7,659.26, Garrett's estate is insufficient to pay these fees and expenses, and Garrett has no management trust from which to pay these fees. Respondent further found that Strban and Benge are responsible for payment of Armstrong's compensation, were previously ordered to place $1,000 each into the court registry for Armstrong's fees, the $2,000 deposited shall first be applied towards Armstrong's compensation, and the remainder of $5,659.26 shall be paid by the parties directly to Armstrong, with Strban and Benge each paying one half. On March 26, Respondent signed an order authorizing compensation to Weismuller for the period of June 18, 2020 to February 11, 2021. Respondent found that Weismuller's request for compensation should be granted in the amount of $6,203.79, Garrett's estate is insufficient to pay these fees and expenses, and Garrett has no management trust from which to pay these fees. Respondent further found that Strban and Benge are responsible for payment of Weismuller's compensation, were previously ordered to place $1,000 each into the court registry for Weismuller's fees, the $2,000 deposited shall first be applied towards Weismuller's compensation, and the remainder of $4,203.79 shall be paid by the parties directly to Weismuller, with Strban and Benge each paying one half. This original proceeding followed, in which Strban seeks a writ compelling Respondent to vacate or correct the 2021 orders.[2]

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no

---

[2] Strban also sought an emergency stay with respect to Respondent's orders requiring payment by April 1. This Court granted the stay. However, this Court subsequently dismissed this proceeding for failure to pay the filing fee and we lifted the stay at the time of dismissal. *See In re Strban*, No. 12-21-00049-CV, 2021 WL 1567888 (Tex. App.—Tyler Apr. 21, 2021, orig. proceeding) (mem. op.) (per curiam). As a result, Strban made the payments in accordance with Respondent's orders. But after receiving Strban's motion for rehearing and filing fee, we reinstated the case.

adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

## ADEQUATE REMEDY

In response to Strban's petition, Weismuller, Armstrong, Bates, and Benge all contend that Strban has an adequate remedy by making arrangements to pay the costs or by filing an affidavit of inability to pay court costs pursuant to Rule 145 of the Texas Rules of Civil Procedure.[3] However, an "order requiring the deposit of funds as security for costs is not a final order[.]" *In re Mitchell*, 342 S.W.3d 186, 192 (Tex. App.—El Paso 2011, orig. proceeding).[4] And compliance with Respondent's orders has deprived Strban of a substantial amount of money. *See id*. In a guardianship proceeding, an order requiring parties to deposit funds into the court registry to cover fees of the attorney or guardian ad litem is reviewable by mandamus. *See id.* at 192-93. Accordingly, we will address the merits of Strban's petition.

## ABUSE OF DISCRETION

Strban contends that Respondent abused his discretion by ordering that he personally pay fees for the temporary guardian, attorney ad litem, and guardian ad litem.[5]

---

[3] In their joint response, Weismuller, Armstrong, and Bates cite to an order in *In re Guardianship of Church* to support their position. However, that case did not involve an original proceeding and the El Paso Court did not address adequate remedy in its order. *See In re Guardianship of Church*, No. 08-20-00047-CV (Tex. App.—El Paso July 14, 2020) (order). Rather, the El Paso Court noted that the appellant asserted entitlement to proceed with the appeal without payment of costs and the court reporter filed a challenge to relator's assertion. *Id*. The El Paso Court ordered the appellant to make arrangements to pay the reporter's record or to file a statement of inability to pay costs with the appellate court. *Id*. Thus, *Guardianship of Church* lends nothing to our determination of adequate remedy.

[4] We recognize that *Mitchell* predated enactment of the current Texas Estates Code, having addressed the predecessor statute in the Texas Probate Code. Even so, its analysis regarding adequate remedy with respect to a trial court's order requiring parties to deposit funds into the court registry in a guardianship proceeding remains relevant, as the standard for adequate remedy has not changed.

[5] To the extent any of the Real Parties in Interest assert that Strban waived the right to contest the fees by not filing an objection to the appointments or the fees themselves, we disagree. Neither the fees nor the appointments are at issue. Rather, the question before us is whether Respondent properly ordered Strban to pay those fees. In his response to Armstrong's 2021 motion for security for costs, Strban argued that the parties should not be required to give security costs for probable costs of the proceeding. And in his objections to Bates's and Weismuller's 2021

3

**Principles of Statutory Construction**

Statutory construction is a legal question, which we review de novo. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Our primary objective is to determine the legislature's intent, which, when possible, we discern from the plain meaning of the words chosen. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Where the text is clear, it is determinative of that intent. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Thus, when the language of a statute is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe it. *Hughes*, 246 S.W.3d at 626. If the legislature failed to define a word or term, we will apply its ordinary meaning. *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993).

We must presume that every word of the statute has been used for a purpose and that every word excluded from the statute has been excluded for a purpose. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). We should not insert words into the statute except to give effect to clear legislative intent. *Id*. We presume that the legislature enacted the statute with complete knowledge of existing law and with reference to it. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990).

**Applicable Statutory Language**

"In a guardianship proceeding, the cost of any guardians ad litem, attorneys ad litem, court visitors, mental health professionals, and interpreters appointed under this title shall be set in an amount the court considers equitable and just." TEX. EST. CODE ANN. § 1155.151(a-1) (West 2020). Court costs, including the costs listed in subsection (a-1), shall be paid as follows, and the court shall issue the judgment accordingly:

> (1) out of the guardianship estate;
>
> (2) out of the management trust, if a management trust has been created for the benefit of the ward under Chapter 1301 and the court determines it is in the ward's best interest;
>
> (3) by the party to the proceeding who incurred the costs, unless that party filed, on the party's own behalf, an affidavit of inability to pay the costs under Rule 145, Texas Rules of Civil Procedure, that shows the party is unable to afford the costs, if:

---

applications for interim fees, Strban maintained that the parties should not be ordered to personally pay those fees. Accordingly, Strban raised the pertinent issue in the trial court before presenting it in this original proceeding.

4

(A) there is no guardianship estate or no management trust has been created for the ward's benefit; or

(B) the assets of the guardianship estate or management trust, as appropriate, are insufficient to pay the costs; or

(4) out of the county treasury if:

(A) there is no guardianship estate or management trust or the assets of the guardianship estate or management trust, as appropriate, are insufficient to pay the costs; and

(B) the party to the proceeding who incurred the costs filed, on the party's own behalf, an affidavit of inability to pay the costs under Rule 145, Texas Rules of Civil Procedure, that shows the party is unable to afford the costs.

*Id*. § 1155.151(a), (a-1). There is an exception found in subsection (c):

If the court finds that a party in a guardianship proceeding acted in bad faith or without just cause in prosecuting or objecting to an application in the proceeding, the court may order the party to pay all or part of the costs of the proceeding. If the party found to be acting in bad faith or without just cause was required to provide security for the probable costs of the proceeding under Section 1053.052, the court shall first apply the amount provided as security as payment for costs ordered by the court under this subsection. If the amount provided as security is insufficient to pay the entire amount ordered by the court, the court shall render judgment in favor of the estate against the party for the remaining amount.

*Id*. § 1155.151(c).

Subsection (a-1) costs shall be paid at any time after the commencement of the proceeding as ordered by the court. *Id*. § 1155.151(b). At any time before the trial of an application, complaint, or opposition in a guardianship proceeding, an officer of the court or a person interested in the guardianship or in the ward's welfare may, by written motion, obtain from the court an order requiring the person who filed the application, complaint, or opposition to provide security for the probable costs of the proceeding. *Id*. § 1053.052(b) (West 2020). The rules governing civil suits in the county court with respect to providing security for the probable costs of a proceeding control in cases described by Section 1053.052(b). *Id*.

**Application of Section 1155.151**

Section 1155.151(a) sets forth four ways in which fees, including those of the guardian ad litem and attorney ad litem, shall be paid. First, costs shall be paid out of the guardianship estate. *Id*. § 1155.151(a)(1). Second, costs shall be paid out of the management trust, if one has been created for the ward's benefit and the trial court determines it is in the ward's best interest. *Id*. §

5

1155.151(a)(2). Third, if there is no guardianship estate, no management trust, or the assets of the guardianship estate or management trust are insufficient, costs shall be paid by the party to the proceeding who incurred the costs, unless that party files an affidavit of inability to pay that shows the party is unable to afford costs. *Id*. § 1155.151(a)(3). Finally, costs shall be paid out of the county treasury if (1) there is no guardianship estate, no management trust, or the assets of the guardianship estate or management trust are insufficient; and (2) the party to the proceeding who incurred the costs filed an affidavit of inability to pay that shows the party is unable to afford the costs. *Id*. § 1155.151(a)(4).

Here, the record demonstrates that Garrett's estate has insufficient assets and he has no management trust. Accordingly, subsection (3) comes into play. The record demonstrates that Strban filed an application for appointment of permanent guardian of the person and estate on July 6, 2017, thereby initiating the guardianship proceeding. There can be no doubt that Strban is a party to the proceeding. And the record does not demonstrate that Strban filed an affidavit of inability to pay. Thus, we must determine whether Strban qualifies as a "party to the proceeding who *incurred the costs*" for purposes of subsection (3). Strban asserts that he is not the party who incurred the costs, as costs were incurred on Garrett's behalf, that he did not file the applications for appointment of Armstrong, Bates, or Weismuller, and that Respondent abused his discretion by ordering him to deposit funds into the court registry to pay these fees. He cites *Mitchell* to support this position.

While *Mitchell* remains instructive with respect to an adequate remedy analysis, its relevancy to this case ends there. In *Mitchell*, the Eighth Court of Appeals conditionally granted mandamus relief in a case where the trial court ordered the parties to deposit funds into the court registry to pay fees of the attorney ad litem and guardian ad litem. *Mitchell*, 342 S.W.3d at 187-88. At the time, the probate code provided for the payment of costs as follows:

> The court shall order the payment of a fee set by the court as compensation to the attorneys, mental health professionals, and interpreters appointed under this chapter, as applicable, to be taxed as costs in the case. If after examining the proposed ward's assets the court determines the proposed ward is unable to pay for services provided by an attorney, a mental health professional, or an interpreter appointed under this chapter, as applicable, the county is responsible for the cost of those services.
>
> …

6

> Except as provided by Subsection (b), in a guardianship matter, the cost of the proceeding, including the cost of the guardian ad litem or court visitor, shall be paid out of the guardianship estate, or, if the estate is insufficient to pay for the cost of the proceeding, the cost of the proceeding shall be paid out of the county treasury, and the judgment of the court shall be issued accordingly.
>
> If a court denies an application for the appointment of a guardian under this chapter based on the recommendation of a court investigator, the applicant shall pay the cost of the proceeding.

*Id*. at 190 (citing former Sections 665A and 669 of the Texas Probate Code); *see* Act of May 27, 1995, 74th Leg., R.S., ch. 1039, §§ 28-29, 1995 Tex. Gen. Laws 5145, 5157-58.  Thus, in accordance with the statute at the time, only the ward's estate or the county could be required to pay the guardian ad litem, attorney ad litem, and other costs.  *Mitchell*, 342 S.W.3d at 190-91. The Eighth Court of Appeals consequently concluded that the trial court abused its discretion by ordering the parties to deposit funds into the court registry to pay these fees.  *Id*. at 192.

When the Texas Estates Code was added in 2011, Section 1155.151 contained language similar to the probate code sections cited in *Mitchell*:

> (a) Except as provided by Subsection (b), the cost of the proceeding in a guardianship matter, including the cost of the guardian ad litem or court visitor, shall be paid out of the guardianship estate, or the cost of the proceeding shall be paid out of the county treasury if the estate is insufficient to pay the cost, and the court shall issue the judgment accordingly.
> (b) An applicant for the appointment of a guardian under this title shall pay the cost of the proceeding if the court denies the application based on the recommendation of a court investigator.

Act of May 19, 2011, 82nd Leg., R.S., ch. 823, § 1.02, 2011 Tex. Gen. Laws 1901, 1992-93.  But as previously discussed, the current and applicable version of the statute provides that costs shall be paid by the party to the proceeding who incurred the costs, unless that party filed, on the party's own behalf, an affidavit of inability to pay.  TEX. EST. CODE ANN. § 1155.151(a)(3). Accordingly, *Mitchell* is inapposite to the merits of the issue before us.

Certainly, the services of guardians and attorneys ad litem are provided for the ward's benefit and are incurred on the ward's behalf.   But as set forth above, subsections (1) and (2) already contemplate when the ward is responsible for costs.  Once subsection (3) comes into play, it has previously been determined that the ward has no guardianship estate, no management estate, or insufficient funds to pay costs.  When the ward is unable to pay costs, the responsibility falls to the "party to the proceeding who incurred the costs."

7

Incur means to "suffer or bring on oneself (a liability or expense)." BLACK'S LAW DICTIONARY 782 (8th ed. 2004). "A fee is incurred when one becomes liable for it." *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). One is liable when "[r]esponsible or answerable in law; legally obligated." BLACK'S LAW DICTIONARY 934 (8th ed. 2004). The estates code contemplates that a party, such as Strban, may become responsible or answerable in law for the costs of a guardianship proceeding even though those costs were incurred on the ward's behalf. For instance, the person who filed the application, in this case Strban, may be required to provide security for the probable costs of the proceeding. *See* TEX. EST. CODE ANN. § 1053.052(b). Additionally, notwithstanding any other law requiring the payment of court costs in a guardianship proceeding, the estates code expressly identifies certain persons or entities who are not required to pay costs on the filing of or during a guardianship proceeding:

(1) an attorney ad litem;
(2) a guardian ad litem;
(3) a person or entity who files an affidavit of inability to pay the costs under Rule 145, Texas Rules of Civil Procedure, that shows the person or entity is unable to afford the costs;
(4) a nonprofit guardianship program;
(5) a governmental entity; and
(6) a government agency or nonprofit agency providing guardianship services.

*Id*. 1155.151(a-2). Thus, Weismuller, Bates, and Armstrong cannot be held liable for guardianship costs during the proceeding; consequently, it matters not that Weismuller filed requests for appointment of a guardian ad litem and temporary guardian. Strban, on the other hand, may be considered a party to the proceeding who incurred the guardianship costs by initiating the proceeding in 2017 when he filed his application. He is not exempt from being held liable for costs on the filing of or during the guardianship proceeding unless he files an affidavit of inability to pay.[6] *See id*.

Moreover, a guardianship is intended to "promote and protect the well-being of the incapacitated person." *Id*. § 1001.001(a) (West 2020). The ward's best interest is the primary consideration in a guardianship proceeding. *See In re Guardianship of Tonner*, 514 S.W.3d 242, 246 (Tex. App.—Amarillo 2014), *aff'd* 513 S.W.3d 496 (Tex. 2016) (Texas vests trial courts with broad discretion to decide ward's best interests); *see also In re Guardianship of Glasser*, 297

---

[6] The estates code provides for the possibility of reimbursement if a guardianship of the estate or management trust is created. *See* TEX. EST. CODE ANN. 1155.151(d) (West 2020).

S.W.3d 369, 376 (Tex. App.—San Antonio 2009, no pet.) (trial court bears "ultimate responsibility for protection of an incapacitated person's best interest"). If the ward is unable to cover costs as contemplated by subsections (1) and (2), it is consistent with a guardianship's purpose to construe subsection (3) as encompassing a situation in which a party to the proceeding must assume the responsibility of paying costs, which the ward is unable to pay, to serve the ward's best interest. Accordingly, given the purpose of a guardianship and the plain language of the applicable statutes, we conclude that Strban qualifies as a party to the proceeding who incurred costs associated with the guardianship case.

We also reject Strban's assertion that costs must be paid from the county treasury. Under the plain language of subsection (4), costs shall be paid out of the county treasury if: (1) there is no guardianship estate, no management trust, or the assets of the guardianship estate or management trust are insufficient to pay the costs, *and* (2) the party to the proceeding who incurred the costs filed, on the party's own behalf, an affidavit of inability to pay the costs that shows the party's inability to afford the costs. TEX. EST. CODE ANN. § 1155.151(a)(4). "And" is conjunctive; both requirements of subsection (4) must be met before costs shall be paid out of the county treasury. *See **In re Brookshire Grocery Co.***, 250 S.W.3d 66, 69 (Tex. 2008) (orig. proceeding). Before costs shall be paid out of the county treasury, Strban would have to file an affidavit of inability to pay. Because he did not, Section 1155.151(a)(4) is inapplicable.

Having determined that Respondent was authorized to order that Strban pay the fees of Weismuller, Bates, and Armstrong under Section 1155.151(a)(3), we conclude that Strban has not established an abuse of discretion on this basis.[7]

**Pleadings**

Strban further contends that Respondent granted relief that was not requested in the pleadings by ordering that he be responsible for costs.[8]

---

[7] Because we so hold, we need not address the bad faith exception set forth in Section 1155.151(c), except to note that the record does not indicate that Respondent made any bad faith findings pursuant to this provision. *See* TEX. R. APP. P. 47.1.

[8] To the extent this complaint involves Respondent's rulings in 2020, it is waived. When the record fails to show that the relator acted diligently to protect his rights, relief by mandamus is not available. ***In re Hotze***, No. 20-0739, 2020 WL 5919726, at *3 (Tex. Oct. 7, 2020). Strban did not file his petition for writ of mandamus until April 1, 2021, over nine months after the June 24 order, over seven months after the August 6 order, and over four months after the November 24 order. Thus, our review is limited to the 2021 orders. *See **Rivercenter Assocs. v. Rivera**,* 858 S.W.2d 366, 367 (Tex. 1993) (Rivercenter waited over four months to seek relief); *see also **In re Webber, L.L.C.**,* No.

"Texas follows a 'fair notice' standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). Generally, a party may not be granted relief absent pleadings to support that relief. *Simpson v. Curtis*, 351 S.W.3d 374, 380 (Tex. App.—Tyler 2010, no pet.). Unless the issue is tried by consent, a court abuses its discretion by granting relief to a party who did not request that relief in a live pleading. *Landers v. Landers*, No. 02-19-00303-CV, 2021 WL 1570011, at *5 (Tex. App.—Fort Worth Apr. 22, 2021, no pet. h.) (mem. op.).

In his interim application to pay attorney ad litem fees, Weismuller requested that Respondent "enter an Order authorizing the payment of such fees and expenses from the court register up to the amount that has been deposited, and further order that the parties pay the remaining outstanding interim attorneys fees by a certain date and any other Orders it deems necessary." In his motion for security for costs, Armstrong requested that the "parties be ordered to give security for costs of the Movant as well as the Attorney Ad Litem and Guardian Ad Litem for the Proposed Ward." Armstrong's application for temporary guardian's compensation requested payment from the funds the parties were ordered to deposit into the court registry. In his application for interim guardian ad litem fees, Bates requested "payment of such fees from the registry of the court up to the amount that has been deposited, and further Order that the parties pay the remaining outstanding interim fees as it deems necessary."

These pleadings are sufficient to place Strban on notice of the request that the parties be held financially responsible for the fees of Bates, Armstrong, and Weismuller. *See Low*, 221 S.W.3d at 612. In fact, Strban filed a response to Armstrong's motion for security, an objection to Bates's application for interim fees, and an objection to Weismuller's application to pay fees. In his response and objections, Strban argued that the parties should not be ordered to pay costs. Thus, the record demonstrates that Strban was able to ascertain from the pleadings the nature, basic issues, and the type of evidence that might be relevant to the particular controversy, i.e., that the parties be required to pay costs. *See id*. Because the pleadings support the request to order the parties to pay the fees of Bates, Armstrong, and Weismuller, Respondent did not improperly grant relief that was not requested. Strban has not demonstrated an abuse of discretion as to this issue.

05-20-00564-CV, 2020 WL 3496279, at *1 (Tex. App.—Dallas June 29, 2020, orig. proceeding) (mem. op.) ("unexplained delay of four months or more can constitute laches and result in denial of mandamus relief").

## DISPOSITION

Because Strban failed to demonstrate an abuse of discretion, we ***deny*** his petition for writ of mandamus.

**BRIAN HOYLE**
Justice

Opinion delivered June 9, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

11



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 9, 2021

NO. 12-21-00049-CV

**GREGORY STRBAN,**
Relator
V.

**HON. CLYDE HERRINGTON,**
Respondent

___

### ORIGINAL PROCEEDING

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by Gregory Strban; who is the relator in appellate cause number 12-21-00049-CV and a party in trial court cause number 017-17-G, pending on the docket of the County Court at Law No. 2 of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on April 1, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*